**34**     SETH MILLER *et al.* Executors, *versus* JEDEDIAH
MILLER.

> If the owner in severalty of woodland adjoining woodland owned in equal shares by
> himself and another as tenants in common, sells the wood standing on his several
> land and makes a lease to the purchaser to enable him to cut off the wood, and the
> purchaser by mistake cuts wood on the common land, the lessor is answerable to
> his co-tenant for a moiety of the money received by him for the wood cut on the
> common land.
>
> If a tenant in common takes money for the common property, whether by design or
> mistake, he is answerable in *assumpsit* to his co-tenant

ASSUMPSIT for money had and received.

Seth Miller, the plaintiff's testator, by whom the action
was commenced, and the defendant, were tenants in common,
in equal shares, of a wood-lot.   The defendant likewise owned
other woodland adjoining the land owned in common.   The
defendant sold the wood standing, in lots, to different purchas-
ers, bounding each lot; and according to the evidence at the
trial, the boundaries thus given and within which the several
purchasers cut off the wood, included a portion of the common
land.   Leases of these lots were given to the purchasers of the
wood, to enable them to cut off the wood.   A verdict was
found for the plaintiffs for half of the amount of the money
which the defendant received for the wood which was cut on
the land owned in common.[*]

Oct. 23d.     *Eddy*, for the defendant, moved for a new trial, on the
ground of a mistake made by a witness, who testified that the
leases were by parol; whereas it was now discovered that they
were in writing; and it appeared that the lessees, in cutting

---

[*] See the report of this case 7 Pick. 133.

3*

wood on the common land, had gone beyond the boundary described in their leases, and so were answerable themselves as trespassers.

*Wood*, for the plaintiffs, contended, that as the defendant received the money, he had ratified the doings of his lessees, and so was liable in this action.

*Per Curiam.* We suppose the fact very likely to be true, that the defendant intended to confine the lessees to his own land, and that they went over the bounds by mistake ; but that is not material, for this is an action for money had and received by the defendant, brought to recover the proceeds of wood belonging to the plaintiffs' testator. We think there can be no question, but that if there are two tenants in common, and one of them takes money for the common property, whether by design or mistake, he is answerable in *assumpsit* to his co-tenant.[1]

*Oct. 24th*

*35*

PUTNAM J. dissented.

*Judgment according to verdict.*

<hr/>

[1] See *Miller* v. *Miller*, 7 Pick. 136 ; *Bigelow* v. *Jones*, 10 Pick. 165 ; *Gwinneth* v *Thompson, ante*, 32.