## Borrell's Administrator *versus* Borrell.

One tenant in common may maintain *assumpsit* against his co-tenant to recover a share of the profits, upon proof that the whole was received by the defendant. In such case, the law raises an implied promise to pay over the plaintiff's share, and he is not driven to his action of account render.

ERROR to the Common Pleas of *Perry county*.*

This was an action of *assumpsit* by John Ritter, committee of Samuel Borrell, a lunatic, against Isaac F. Hollenbaugh, administrator of John Borrell, deceased, to recover the plaintiff's share of the profits of a farm, devised by Nicholas Borrell to his three sons, John, Jacob, and Samuel Borrell, as tenants in common. On the trial, the court allowed an amendment changing the style of the suit, so as to read "Samuel Borrell, by his committee, John Ritter."

The facts of the case are fully stated in the following charge to the jury, delivered in the court below, by GRAHAM, P. J.:—"This is an action of *assumpsit* brought by Samuel Borrell, by his committee, John Ritter, under the following circumstances:—Nicholas Borrell, by his will, proved 24th October 1834, devised his real estate to his three sons, John, Jacob, and Samuel. The evidence shows that John and Jacob lived upon and farmed this land from 1840 to 1850, with the exception of one year that John was absent. This suit is brought by the committee of Samuel, who was found a lunatic in 1856, to recover Samuel's share of the proceeds of the land farmed by John for nine years, terminating in April 1850. This suit was brought against John Borrell's administrator to August Term 1856, more than six years after the alleged indebtedness was incurred, and the defendant has put in the plea of the statute of limitations; to this, the committee has replied the insanity of Samuel Borrell. Evidence on this subject has been given by plaintiff and defendant, and from this evidence you must determine whether Samuel Borrell is a sane man, capable of transacting his business, and collecting the debts due to him, or insane, and, by reason of mental imbecility or aberration of mind, incapable of attending to the ordinary transactions of life. If you find him a sane man, with mind sufficient to transact the ordinary business of life, then the statute of limitations will bar the present claim, and there can be no recovery. On the contrary, if the evidence satisfies you that Samuel Borrell is an insane man, and incapable of attending to his business, and collecting his

* This case was decided in 1858.

[Borrell's Administrator *v.* Borrell.]

debts, then the statute of limitations will not prevent a recovery by his committee in this suit, if the plaintiff is otherwise entitled to your verdict.

"The defendant contends that there can be no recovery in the present suit, that the plaintiff has misconceived his action, which ought to be account render and not *assumpsit*, and have requested us so to instruct you. We think *assumpsit* will lie in the present case. In Gillis *v.* McKinney, 6 *W. & S.* 78, our Supreme Court have decided that *assumpsit* may be maintained by one tenant in common against his co-tenant to recover a share of the rent, upon proof that the whole was received by the defendant. And in that case, the case of Brigham *v.* Eveleth, 9 *Mass.* 538, is cited with approbation. In that case, the question now presented is decided, that one tenant in common may maintain *assumpsit* against his co-tenant for a moiety of the profits; and from the authorities there cited, it appears that *assumpsit* as well as account render may be maintained under the statute of Anne, and that such are the English decisions. We instruct you that there is nothing in the form of action to prevent a recovery by plaintiff, and if the evidence satisfies you that Samuel Borrell, by reason of defect of intellect, was incompetent to manage and transact the ordinary business transactions of life, such as collecting his debts and managing his farm and estate, then he may, by his committee, recover such sum as John received of Samuel's interest of the annual profits of the farm devised to the three brothers under the will of their father. The evidence tends to show that John Borrell occupied, and farmed, and received the proceeds of the one-half of this farm. The one-third of the net profits received by John would be the interest of Samuel, which may be recovered, if under the evidence and the law, as we have stated, you should find for the plaintiff."

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $300, the defendant removed the cause to this court, and here assigned for error: 1. The allowance of the amendment on the trial. 2. The instruction that the plaintiff could maintain *assumpsit*.

*A. B. Anderson* and *S. Hepburn*, for the plaintiff in error, cited 1 *Chit. Pl.* 27–8; Griffith *v.* Willing, 3 *Binn.* 319–20; Irvine *v.* Hanlin, 10 *S. & R.* 219; 1 *Yeates* 129; 7 *Watts* 484; 10 *Id.* 342; 5 *Wh.* 450–1; Anderson *v.* Greble, 1 *Ash.* 138; Wheeler *v.* Horne, *Willes* 208; Sherman *v.* Ballou, 8 *Cow.* 304.

*Sponsler* and *Junkin*, for the defendant in error, cited Gillis *v.* McKinney, 6 *W. & S.* 78; Coles *v.* Coles, 15 *Johns.* 159; Brigham *v.* Eveleth, 9 *Mass.* 538; 12 *Mod.* 517; 3 *Esp.* 234; *Moore* 458; Galbreath *v.* Moore, 2 *Watts* 86.

[Borrell's Administrator *v.* Borrell.]

The opinion of the court was delivered by

PORTER, J.—Account render has not been a favourite in modern times. The practitioner of the present day is as much repelled, as the ancient lawyer was attracted, by its cumbrous machinery and want of speed. Formerly, it applied to bailiffs, partners, and by the statute of 4 & 5 Anne, to tenants in common. Against a bailiff, who refuses an account, it remains a successful remedy; and those who are fond of the action, may enjoy here all the happiness it is capable of imparting. The progress of equity practice has nearly swept it off as a remedy between partners, by substituting a much better. In its application to tenants in common, it has been somewhat modified in Pennsylvania. Irvine *v.* Hanlin, 10 *S. & R.* 219, invoked by the plaintiff in error, and noticed in the books as far down as 5 *Wh.* 450, is not of much weight. An effort was made there by a tenant in common who had paid for ore, to recover the money after he had established his title to the land, and the very pivot of the case was whether money thus voluntarily paid could be recovered. Gillis *v.* McKinney, 6 *W. & S.* 78, in which the opinion of the court was delivered by a judge ordinarily the last man to abandon a common law form, has too solid a foundation in reason to be subverted. Two men owned, as tenants in common, a saw-mill, which they leased, and reserved to each, as rent, a fourth of the manufactured lumber. One owner took all, and said he would replace his fellow-owner's share in the spring, but did not. The latter sued him in *assumpsit*, and first lost his cause, because he had not brought account render; and was reinstated by this court on that question: 15 *Johns.* 159; 9 *Mass.* 538.

The court below thought the present case was ruled by that, and we think with them. Two brothers occupied a farm which belonged to them and a lunatic brother. His committee sued one of them in *assumpsit*, and the only question raised was the annual value of the farm. It is true, that in Gillis *v.* McKinney there was something like an express undertaking to replace the lumber, but the court went beyond this, and very rightly put the recovery on the implied promise, for though an implied promise may be more difficult of proof, I am not aware that, when proved, it is a whit lower in the law's regard than one which has been expressed. The admission is also due, that in Gillis *v.* McKinney one of the tenants in common had gotten his hands upon the lumber delivered in payment of rent, but that fact is not strong enough to serve as the basis of a distinction between the cases; for this tenant had, in the same manner, taken the products of the farm which ought to have gone to his brother, or to have been converted and paid to him. In a word, finding ourselves unable to draw a sufficiently broad distinction between these cases, and unwilling to revive the technicality which Gillis *v.* McKinney swept away, we determine to allow common sense another triumph by holding the present action maintainable.

[Borrell's Administrator *v.* Borrell.]

In the other point, touching the amendment of the record, there is nothing whatever.                                    Judgment affirmed.

Justices THOMPSON and STRONG dissented.