## ABEL *v*. LOVE & FOWLER.

A TENANT in common of a water ditch can maintain an action to recover his share of the rents and profits of his cotenant in possession and collecting the same.

*Pico* v. *Columbet* (12 Cal. 420) has no application to the case of money received by one tenant in common from sales of water, or profits derived from the business of a ditch or mine. These operations may be regarded as partnerships in this respect—the shareholders as partners being entitled to participate in the profits. *Goodenow* v. *Ewer* (16 Cal. 461) cited.

A petition for letters of administration on an estate, stating that the deceased was "late a resident" of the county, etc., instead of stating that his residence was there "at or immediately preceding his death," in the language of the statute, is sufficient to give jurisdiction.

Where suit was brought to recover rents and profits of a ditch, and plaintiff's title to the property came through a Public Administrator's sale: *Held*, that it is not essential to the title that letters of administration were issued to the administrator, if he were duly authorized to administer by the judgment of the Probate Court having jurisdiction. The *grant* of administration was sufficient, and this could be shown in the case of a Public Administrator by production of the order or a copy—the mere failure to issue letters does not affect the jurisdiction.

*Query.* Whether, in a proceeding of this kind, letters of administration are necessary to authenticate the title of an administrator other than the Public Administrator, where a *grant* of administration has been regularly made?

*Rogers* v. *Hoberlin* (11 Cal. 120) was not designed to decide more than that the Public Administrator must show *a grant* of administration upon the particular estate.

16

APPEAL from the Ninth District.

Suit by plaintiff to recover money charged to have been collected by defendants as rents and profits of one undivided tenth interest in a water ditch claimed by plaintiff. The complaint avers in substance that plaintiff is owner and entitled to possession of an undivided tenth of a certain water ditch, from Sept. 18th, 1858 to August 24th, 1859, and hence entitled to receive the rents and profits; that defendants, knowing plaintiff's rights, and being the owners and in possession of other undivided four-tenths of the ditch, have assumed control of plaintiff's one-tenth, and collected and appropriated to their own use the rents and profits thereof, and refuse to pay the same.

Defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and answered, denying generally the allegations of the complaint, and averring, among other things, ownership and possession of the ditch. Demurrer overruled. On the trial it was shown that plaintiff held a claim against one Wheeler, a resident of Shasta county, who died seized of the one-tenth interest claimed by plaintiff; that he obtained judgment for the amount against Reed, then administrator of Wheeler's estate; that Reed resigned his office without paying the judgment, and upon the petition of plaintiff as creditor, D. D. Harrill, Public Administrator, was appointed administrator of the estate; and that Harrill, not having administered, Swasey, his successor in office, on the application of plaintiff, was authorized by the Probate Court to take possession of the estate, to be disposed of in pursuance of the statute; that Swasey and the Probate Judge allowed the judgment of plaintiff, and the property in question was sold by Swasey under order of the Probate Court, plaintiff becoming the purchaser, and receiving a deed Nov. 11th, 1858—the sale being confirmed by the Court; that Dec. 18th, 1858, defendants— being aware of Wheeler's claim to the property and also of plaintiff's judgment and purchase—leased the premises to E. & M., who are in possession, paying rent to defendants. No letters of administration were issued to Reed, Harrill or Swasey.

In tracing title, plaintiff offered in evidence all the proceedings

Abel *v.* Love & Fowler.

in the Probate Court of Shasta county relative to the estate of Wheeler.    Defendants objected on the ground that the petition of Reed for letters does not state facts sufficient to give the Probate Court jurisdiction.    The petition states, among other things, that "one John H. Wheeler, late of the county of Shasta, aforesaid, on or about the twenty-fourth day of July, 1853, departed this life, leaving at the time of his death effects in said county subject to distribution."    Objection overruled and evidence admitted.

When plaintiff offered in evidence his petition, that Swasey, as Public Administrator, be authorized to take charge of and administer as administrator *de bonis non* upon Wheeler's estate, defendants objected, on the ground that special letters of administration should have been issued to Swasey.    Overruled and evidence admitted.    Judgment for plaintiff for the rents and profits.

Defendants appeal.

*E. Garter*, for Appellants.

I.  The nonsuit ought to have been granted.    There was no proof that defendant occupied the premises for which rents and profits were claimed, upon any agreement with plaintiff as receiver or bailiff of his share of the same.

Now if such fact had been alleged, it would have been necessary for plaintiff to prove it, but it was neither alleged nor proved by plaintiff in trying to make out his case.    No cause of action was established by the plaintiff.

II.  The respondent undertook to prove title to the property in question derived by purchase under the proceedings of the Probate Court of Shasta county.

The petition of Reed, the first administrator, is insufficient, because it does not state the facts necessary to give the Probate Court jurisdiction of the administration.

It does not State that deceased was a resident of the county of Shasta "at or immediately previous to his death."    (Wood's Dig. 392, sec. 2 ; 7 Cal. 216.)

This Court has intimated that the expression *late a resident* is equivalent to the language *last a resident*, upon authorities cited by counsel in the case of *Beckett* v. *Selover*, (7 Cal.) but the author-

ities cited do not sustain the Court—the object of the language employed in the cases cited was to describe the person, to point him out and designate him from others, and not to name his residence, as this was not material.

III. No letters were ever issued to Reed.    (*Beckett* v. *Selover*, 7 Cal. 215 ; *Rogers* v. *Hoberlein*, 11 Id. 120.)

IV. No letters were issued to Harrill, the second administrator.

V. No letters of administration were ever issued to Swasey, the third administrator, and the order of the Court under which he undertook to act did not authorize him to administer upon the estate, but only to take possession of it and dispose of it as provided in the statute.    (Wood's Dig. 399, sec. 88, and p. 400, sec. 92 ; *Beckett* v. *Selover*.)

Abel's judgment was obtained against Reed, who never was administrator.

*R. T. Sprague*, for Respondent.

I. The first point made by appellants is, that the complaint shows that plaintiff and defendants are tenants in common in the water ditch ; hence plaintiff could not sue defendants for any portion of the rents and profits of the common property.

The complaint charges defendants had collected and appropriated to their own use of the money belonging to plaintiff as the rents and profits of the one-tenth interest in said water ditch, the property of plaintiff, the sum of six hundred dollars, from the 18th day of September, 1858, to the 24th day of August, 1859.

This case differs from the case of *Pico* v. *Columbet* (12 Cal. 414) cited by appellant.

The complaint does not allege a tenancy in common, nor that defendants were in the possession of the whole premises, nor that they were in the possession, use or occupancy of the one-tenth interest of the ditch claimed by plaintiff.

Under the principles laid down in the case of *Pico* v. *Columbet*, the complaint is sufficient to maintain the action, which is but an action for money had and received.

II. The Probate Court had jurisdiction over the subject matter of the estate of Wheeler at the time of Reed's appointment.

The petition states that deceased was late of Shasta county, and this is sufficient.    (*Beckett* v. *Selover*, 7 Cal. 215.)

III. It is contended that Swasey, as Public Administrator, had no authority to administer, because formal letters of administration were not issued to him by the Probate Court.

Formal letters of administration are unnecessary to authorize the Public Administrator to take possession of and administer upon an estate of an intestate dying and having property within his county.

The order of the Court having jurisdiction of the subject matter directing the Public Administrator to take possession of and administer upon the estate, is sufficient authority.    (*Beckett* v. *Selover*, 7 Cal. 215.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was a suit to recover money collected by defendants as the rents and profits of one-tenth interest in a water ditch.    The defendants it seems were, or assumed to be, in possession of this property, claiming an ownership in a portion of the ditch, and collected the rents for the whole, including the share which would fall, on a proper division, to the interest of the plaintiff.    The defendants demurred to the complaint.    The point is taken here, that the plaintiff, being a tenant in common, cannot maintain this action to recover his share of the rents and profits of his cotenant; and *Pico* v. *Columbet* (12 Cal. 420) is cited to sustain this proposition.    But that case embodies a different principle.    It has no application to the case of money received by one tenant in common from sales of water or profits derived from the business of a ditch or mine.    Indeed, these operations may be regarded as partnerships, so far as this matter is concerned, the shareholders being regarded as partners entitled to participate in the profits derived from the business of carrying on a ditch or the sales of water.    In the case of *Goodenow* v. *Ewer*, at the last term, we had occasion to review the case of *Pico* v. *Columbet*, and need only refer to the opinion there to show the true construction of the former case.

The facts here show that this ditch property was rented by the defendants, and that a sum of money was realized by the defend-

ants from the lease.   For so much of this sum as falls to the share of the plaintiff, the defendants are liable in this action ; the money may be considered as money had and received by defendants to the plaintiff's use.

The other points made touch the question of the plaintiff's title to this share of the ditch property.   He deduces his title from a sale made by a Public Administrator under order of the Probate Court.   To the proceedings of that Court, as evidencing the title, two objections are made : 1st, that the Court of Probate had no jurisdiction, as in the petition for an order granting administration on the estate of the decedent, it does not appear that his last place of residence was Shasta county.   The phrase used in this connection is, that the decedent was " late of," etc.   But this point seems to be disposed of in the case of *Beckett* v. *Selover*, (7 Cal. 233) and we think that the decision on this question ought not to be disturbed.

It is next objected that letters of administration were not issued to the Public Administrator.   But if the actual issuance of these letters be necessary in order to authenticate the title of an administrator, in any proceeding of this sort, after a grant of administration has been regularly made, we think there is no necessity for such issuance to a Public Administrator, who has been duly authorized to administer by the judgment of a Court having jurisdiction. The general language in *Rogers* v. *Hoberlein* (11 Cal. 120) was not designed to decide more than that the Public Administrator must show *a grant* of administration upon the particular estate ; but this grant may be shown, in the case of Public Administrators, by the production of the order or a copy.   At all events, the mere failure to issue the letters does not affect the jurisdiction of the Court.

The point as to the sufficiency of the deed is not well taken.

Judgment affirmed.