## The Winton Coal Company, Limited, Appellant, v. The Pancoast Coal Company.

*Tenants in common—Suits between—Assumpsit.*

Where a cotenant has actually received the rent of the common property, or has converted coal, timber, oil, gas or minerals, part thereof, into cash, and retains a share thereof which actually belongs to his co-owner, he may be sued in assumpsit for his cotenant's share thereof.

Where a cotenant mines coal, and accounts to his co-owner for one eighth thereof, but the co-owner claims the value of one quarter of the coal, the latter may maintain an action of assumpsit to recover the additional one eighth value of the coal claimed by him.

In actions for the purchase money of land, where it is necessary to effect justice, the courts may pass upon the title to the real estate involved.

*Equity—Equity jurisdiction—Acts of April 25, 1850, and April 22, 1856.*

The acts of April 25, 1850, P. L. 573, and April 22, 1856, P. L. 502, do not apply to a case where a tenant in common seeks to recover from his cotenant the value of his share of the coal actually mined, sold and the proceeds received by the cotenant, where the plaintiff admits the quantity

and value of the coal mined, and the only question is whether it is more than one eighth, and, if so, how much more. As no question of account can possibly arise in such case there is nothing to bring the case within equity jurisdiction.

Argued Feb. 28, 1895. Appeal, No. 161, Jan. T., 1895, by plaintiff, from judgment of C. P. Lackawanna Co., April T., 1893, No. 469, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reversed.

Assumpsit to recover the value of coal mined by plaintiff's cotenant. Before McCLURE, P. J., specially presiding.

At the trial plaintiff claimed to be the owner of an undivided one fourth of all the coal in one hundred and eight acres of land known as the Anderson farm in Throop borough. On December 30, 1886, certain other parties who claimed an interest in the land executed a lease or contract for the sale of all of the coal in the land to the Pancoast Coal Company. The interest of the Winton Coal Company, Limited, in the coal, was stated in the lease as only an undivided one eighth, instead of one fourth. Plaintiff accordingly refused to execute the lease, although the thirteenth paragraph thereof provided that nothing contained therein should alter or affect the title, interest or estate of any of the grantors.

Counsel for plaintiff proposed to show by the statements offered, which are admitted to be the correct amount of coal mined by the defendant from the Anderson tract, the amount which they mined; the value of which coal the plaintiff admitted was the amount stipulated to be paid in the lease ; this to be followed by evidence that the defendant had paid to the several tenants in common a portion of the interest which each held, and had paid the plaintiff in this suit one half of the amount to which the plaintiff was entitled; and also to be followed by evidence that the coal mined by the Pancoast Coal Company had been sold by the Pancoast Coal Company, and the money had been received by the Pancoast Coal Company for all the coal mined from this property and sold up to the time of bringing this suit.

This was objected to by the defendant as immaterial, irrelevant and incompetent.

The court ruled that the rights of the parties could not be settled in an action of assumpsit, they being admitted to be tenants in common ; sustained the objections, rejected the evidence and sealed a bill for the plaintiff. [1]

The court charged as follows :

" [This being a suit, as we understand it, between one cotenant and another, seeking to recover for the value of coal removed from lands, and the court being of opinion that the remedy is not by action of assumpsit as brought by the plaintiff, but an action of account render under the act of assembly of 1850, we direct your verdict to be in favor of the defendant in this case.] " [3]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) in directing verdict for defendant; (3) charge of court as above, quoting it.

*S. B. Price* and *Garrick M. Harding, John B. Collins* and *A. H. Winton* with them, for appellant.—In actions for purchase money of land, the title of the land is frequently adjudicated : Murray v. Ellis, 112 Pa. 485 ; Wacker v. Straub, 88 Pa. 32. And a court will pass upon the title to real estate in an action of assumpsit, whenever it is necessary to effect justice: Lewis v. Robinson, 10 Watts, 338 ; Fleming v. Alter, 7 S. & R. 295.

The subject-matter of this suit is not an account, nor is it a dispute as to the interest of the tenant in common in land. The coal was severed, converted into personalty and sold.   In such a case we believe an action of assumpsit lies by one who was a tenant in common against his former cotenant for his portion of the money received for the coal: Coles v. Coles, 15 Johns. (N. Y.) 159 ; Fiquet v. Allison, 12 Mich. 328 ; Loomis v. O'Neal, 73 Mich. 582 ; Tuttle v. Campbell, 74 Mich. 662 ; Gillis v. McKinney, 6 W. & S. 78 ; Kline v. Jacobs, 68 Pa. 57 ; Luck v. Luck, 113 Pa. 256.

Where one has wrongfully taken money or goods of another and has profited thereby in some manner, as by selling them, assumpsit will lie : 1 Am. & Eng. Ency. of Law, 888 ; Boyer v. Bullard, 102 Pa. 555 ; McCullough v. McCullough, 14 Pa. 295 ; Bethlehem Boro. v. Perseverance Fire Co., 81 Pa. 445 ;

2 Troubat & Haley, 4th ed. p. 8; Lee v. Gibbons, 14 S. &. R. 105; Work v. Work, 14 Pa. 316; Loan Co. v. Elliott, 15 Pa. 224; 1 Chitty on Pleading, p. 102; Bainbridge on Mines, 429; Bixler v. Kunkle, 17 S. &. R. 298; Kennedy v. Fury, 1 Dallas, 76; Miller v. Ord, 2 Binney, 384; Pidcock v. Bye, 3 Rawle, 183.

Where one tenant in common has been ousted by his cotenant or there has been total destruction of the property, the one ousted may bring trespass against his cotenant: Bennett v. Bullock, 35 Pa. 364; Bush v. Gamble, 127 Pa. 43; Critchfield v. Humbert, 29 Pa. 427.

Where a joint interest is determined by the sale of joint property, assumpsit lies for the plaintiff's share: Jones v. Harraden, 9 Mass. 540; Coles v. Coles, 15 Johns. (N. Y.) 159.

*H. A. Knapp,* of *Willard, Warren & Knapp, Jessup* and *Hand* with him, for appellee.—Plaintiff's remedy is by proceedings under the acts of April 25, 1850, P. L. 573, and April 22, 1856, P. L. 502.

Under the rule of the common law one tenant in common is not liable to account with his cotenants for rents and profits unless he has been expressly constituted an agent of such cotenant: Gillis v. McKinney, 6 W. & S. 78; Borrell v. Borrell, 33 Pa. 492.

Plaintiff must first establish its right by some local action which settles the title to have a one fourth part of these royalties. Such right cannot be established by an action of assumpsit: Mather v. Trinity Church, 3 S. & R. 509; Baker v. Howell, 6 S. & R. 476; Lewis v. Robinson, 10 Watts, 338; Powell v. Smith, 2 Watts, 126; Irvine v. Hanlin, 10 S. & R. 219; Greenleaf on Evidence, 15th ed. sec. 120; 1 Chitty on Pleading, 95, 96 and 121; Binney v. Chapman, 5 Pickering, 130; Miller v. Miller, 7 Pickering, 133; Codman v. Jenkins, 14 Mass. 96; Boyer v. Bullard, 102 Pa. 555; Weiler v. Kershner, 109 Pa. 219; Lewis v. Robinson, 10 Watts, 338.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

This record does not present the precise question that was left undetermined in Luck v. Luck, 113 Pa. 256; whether, in the absence of an express agreement to pay, assumpsit will lie

between tenants in common for use and occupation of the common property. This contention relates to proceeds of coal mined from an underlying stratum in a tract of about one hundred and eight acres of land. The testimony introduced by plaintiff company tended to show title in it, as tenant in common with defendant and others, to an undivided one fourth part of said coal, that all the coal taken out up to the time suit was brought was mined, sold and the proceeds thereof received by defendant company, and portions of said proceeds were paid by it to the other tenants in common, but plaintiff company claims that, instead of the one eighth, which it received, it was entitled to one fourth of said proceeds. Plaintiff also offered in evidence monthly statements rendered by defendant, showing the number of tons of coal mined, and the royalty payable thereon by the terms of the lease signed by all the cotenants except plaintiff. In this offer plaintiff admitted the correctness of the statements as to the amount of coal mined and rate of royalty, but at the same time claimed that its share of said admitted proceeds of sale was one fourth instead of one eighth. This offer was rejected by the learned trial judge, and a verdict directed for defendant on the ground that in such case assumpsit will not lie between tenants in common.

The testimony thus offered and rejected tended to show that one tenant in common had mined an admitted amount of the common coal, sold it for a price satisfactory to both parties, and holds a part of the proceeds of sale to the exclusion of its cotenant, who sues to recover a sum equal to that which it has already received of the common fund produced by said sale. Plaintiff's cotenancy to the extent of a one eighth interest in the proceeds of the coal sold is conceded, and it has already received, as is admitted, that proportion thereof. It claims, however, that the quantum of its interest in said proceeds is one fourth instead of one eighth, and hence it seeks to recover one eighth more.

In view of the facts that appear to be undisputed and of the further facts which the proffered testimony tends to prove, we think the learned court erred in holding that, in the circumstances, an action of assumpsit could not be maintained.

The complicated machinery and delay of the old action of account render has never made it a favorite remedy, and the ten-

dency of American courts, if not also those of the mother country, has been to give the statute of 4 & 5 Anne, c. 16, sec. 27, a remedial and liberal construction, so as to allow indebitatus assumpsit for money had and received to lie in place of the old action of account render by one tenant in common against his cotenant for rents and profits which the latter has actually received over and above his share thereof, and which actually belong to his cotenant: Bingham v. Eveleth, 9 Mass. 537; Miller v. Miller, 26 Mass. 34; Cochran v. Carrington, 25 Wend. N. Y. 409; Scantlin v. Allison, 32 Kan. 376; Abel v. Love, 17 Cal. 233; Borrell v. Borrell, 33 Pa. 492; Hudson v. Coe, 79 Me. 83; 11 Am. & Eng. Ency. of Law, 1128; 3 Shars. & B. Leading cases Real Prop. 98, 110. As was said in Fanning v. Chadwick, 20 Mass. 424, account render "is almost obsolete even in England, and there seems to be no necessity for reviving it here. Justice may be administered in a form more simple and less expensive, by an action of assumpsit," . . . . which "now has all the advantages without the disadvantages peculiar to an action of account."

Where the cotenant has actually received the rent of the common property, or has converted coal, timber, oil, gas or minerals,—part thereof,—into cash and retains a share thereof which actually belongs to his co-owner, there would seem to be no good reason why, in a proper case, he may not be sued in assumpsit for his cotenant's share thereof.

By the agreement of Dec. 30, 1886, which was offered in evidence, plaintiff was recognized by defendant as a tenant in common with it of the stratum of coal, as the same then existed. It is true, the agreement assumes to set out the respective interests of the tenants in common, but by paragraph thirteen thereof the defendant agreed that there is nothing in the contract that should alter, affect or impair the title, interest or estate of any of the grantors. Inasmuch as plaintiff refused to sign this agreement, and only recognized its provisions in so far as they provided for royalties or price to be paid for coal mined by defendant, it is not estopped to any greater extent. Defendant has not sold the title claimed by plaintiff to the coal in place, but has mined, sold and disposed of the coal itself in such manner that the same cannot be recovered by ejectment. Nor is the present an action for the use and occupation of the

land, but merely for the proceeds of coal sold, plaintiff's title to which has been legally divested; and, from the nature of the transaction, the coal thus mined and sold cannot be recovered in specie, in any form of action. By sustaining this action, defendant is not deprived of any legal right, nor prevented from setting up any defense that might otherwise be interposed. On the contrary, circuity of action is avoided, and the rights of both parties may be fully protected. No conflicting title to the coal that still remains in place, or right of inheritance will be tried, inasmuch as the coal mined etc. has been converted into money. In actions for the purchase money of land, where it is necessary to effect justice, the courts may pass upon the title to the real estate involved: Lewis v. Robinson, 10 Watts, 338.

The supplement of April 22, 1856, P. L. 529, to the act of 1850, is inapplicable to this case. To construe it otherwise would deprive the parties of the right to trial by jury, and to that extent would make the act unconstitutional. We have heretofore held that the statute must be restricted to such cases as are proper subjects of equitable jurisdiction, that this preliminary question whether there are sufficient grounds for equitable interposition is for the courts, and not for the legislature, and that the legislature cannot, by its mere declaration to that effect, convert a legal right into an equitable one: North Penn Coal Co. v. Snowden, 42 Pa. 488; Norris' App., 64 Pa. 275.

For like reasons, we think the original act of 1850 is not applicable to this case. That act gives equity jurisdiction for the stating of an account where coal mines or mineral shall be held by two or more persons as tenants in common, and coal shall be taken out by one or more of said owners. It provides that all the tenants in common shall be made parties, and that the court shall ascertain the quantity and value of the coal taken and the sum that may be justly and equitably due by, from or to them respectively therefor according to their respective interests in the lands. In the case before us, no question of account is involved or could possibly be raised.

As the case is now presented, there does not appear to be any reason for bringing in any of the other tenants in common. The plaintiff admits the quantity and value of the coal mined and sold by defendant. There is no controversy as to the sum

due unless it shall appear later by a dispute as to the quantum of plaintiff's interest, and even then, the only question will be whether it is more than one-eighth, and if so, how much more. It is quite clear that no question of account can possibly arise as the case is now presented. It follows that there is nothing to bring it within equity jurisdiction; and the reasoning of this court as to the operation of the act of 1856 would seem to apply with equal force to an attempted application of the act of 1850 to this case.

For these and other reasons that might be suggested we think that both specifications of error should be sustained.

Judgment reversed and a venire facias de novo awarded.