(Wharton and another *v.* Hudson.)

---

[Philadelphia, February 13, 1832.]

## WHARTON and Another *against* HUDSON.

IN ERROR.

The legislatures of *New Jersey* and *Pennsylvania* having passed an act to incorporate a company, stiled " The Communication Company," both states appointed the same persons commissioners, who constituted the defendants agents to obtain subscriptions to the stock, and agreed to give them one per cent. on the amount of the subscriptions they obtained. The plaintiff subscribed for twenty shares of the stock, and paid the first instalment on each share. A sufficient number of shares were subscribed to entitle the company to letters patent from *New Jersey* which were accordingly granted, but none were obtained from *Pennsylvania.* The plaintiff brought an action of *assumpsit* against the defendants to recover back the money paid by him on his subscription, which the defendants claimed to retain towards the payment of a debt due to them by the commissioners for services in relation to their agency ;

*Held,* that the plaintiff was entitled to recover back the amount paid by him, deducting its proportion of all reasonable charges.

WRIT of error to the District Court, for the City and County of *Phil-adelphia*, in an action of *assumpsit* brought by the defendant in error, *Edward Hudson*, against *Fishbourn Wharton*, and *Thomas F. Wharton*, to recover the sum of one hundred dollars paid by the plaintiff to the defendants under the following circumstances :

Laws were passed by the state of *New Jersey* on the ,26th of *January*, 1819, and 23rd of *February*, 1820, and by the state of *Pennsylvania*, on the 6th of *March*, 1820, to incorporate a company stiled " The *Pennsylvania* and *New Jersey* Communication Company." By

the acts of both states, the same commissioners were appointed, who constituted the defendants their agents for the purpose of obtaining subscriptions to the stock of the company. The books were deposited at their office, and they were to receive a commission of one per cent. on the amount of the subscriptions they obtained. The plaintiff on the 20th of *April*, 1820, subscribed for twenty shares of the stock, and paid five dollars on each share, amounting in the whole to one hundred dollars. A sufficient number of shares was subscribed for, to obtain letters patent of incorporation from the state of *New Jersey*, which were accordingly granted, but none were obtained from the state of *Pennsylvania*. The defendants claimed a right to retain the funds in their hands, consisting of the subscriptions of the plaintiff and *others* towards the payment of a debt due to them by the commissioners for their services in relation to their agency.

The following errors in the charge of the court below to the jury, were assigned in this court, viz.

*First.* The court erred in charging the jury in answer to the first point proposed by the defendant's counsel, that an action for money had and received will lie against an agent where his principal is known.

*Second.* The court erred in stating in answer to the second point proposed by the defendant's counsel, that an action would lie against the defendants, notwithstanding the act of assembly.

*Third.* The court erred in their answer to the third point proposed by the counsel of the defendants, in saying that the acts of assembly of the state of *New Jersey*, which had been given in evidence, were not in the way of the plaintiff's action.

*Fourth.* The court erred in stating, in answer to the fourth point proposed, that the action could be maintained by the plaintiff notwithstanding the incorporation of the company by the state of *New Jersey*.

*Fifth.* That the court erred in charging the jury, that if the money claimed in this suit has remained in the defendant's hands, the plaintiff shall recover.

*Chew* for the plaintiff in error, cited 3 *P. Wms.* 77. 2 *Halst.* 1. 1 *Selw. N. P.* 171. 2 *Ld. Ray.* 210. 17 *Serg. & Rawle*, 345.

*J. Randall*, contra, was stopped by the court.

The opinion of the court was delivered by

GIBSON, C. J.—The procurement of a charter from *New Jersey*, is insufficient to affect the plaintiff's right to a return of his subscription, arising, as it does, from the failure of an enterprise that could be prosecuted only under the joint authority of that state and *Pennsylvania*. The consideration having failed, with the effort to procure a correspondent charter from the latter, the plaintiff was entitled to retribution from some one; and why not from the defendants in whose hands his money had remained? Because, say they, an action of *indebitatus assumpsit* is not maintainable against an agent whose principal is known. Such, however, is not the law where the money

(Wharton and another *v.* Hudson.)

has not been paid over without notice, the action lying on the promise to pay which the law implies wherever one man has the money of another. The question then, is, whether the plaintiff's money is in the hands of the defendants, in contemplation of law. Pursuant to an agreement with their principals, by which they were to have one per cent. on all subscriptions received, they claim to retain for the balance of their account. But the plaintiff claiming paramount to the principals, is not to be affected by their agreement. Between themselves, the principals and their agents might determine their respective claims to the money; but not the claim of a third person to whom they all stand in the same relation, neither being allowed to set up a defence that would not be equally available in favour of the rest. There may perhaps be such a thing as a constructive payment over by an appropriation to a balance in the agent's favour on a settlement of his account before notice of an adverse claim, especially if he would be put in a worse situation than he was before, by being compelled to resort to the principal on original grounds; but no such appropriation is pretended here. The money is, no doubt, subject to its proportion of all reasonable charges in the agent's hands; and that matter is regulated in the particular instance, by the act passed on the part of *Pennsylvania* which directs the money to be returned in the event of a failure, deducting the necessary expenses; yet the court charged that the plaintiff could demand no more from the defendants than the commissioners could have demanded from them had the project taken effect, thus subjecting the plaintiff's money, not merely to its own share of the general burthen, but to the balance of the agent's account. The error however was in favour of the defendants, who have no right to come here as complainants in consequence of it, especially as it was entirely consistent with the direction which they themselves had prayed. It is said, however, the act gives an action against the commissioners, and that by the act of 1806, statutory remedies must be exclusively pursued. It however gives no new remedy; and least of all a remedy against the agents whose case is left as it stood at the common law. The errors therefore are not sustained.

Judgment affirmed.