Hirshfield *v.* Robins, Appellant.

218

Argued April 22, 1930.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham
and Baldrige, JJ.

*J. Norman Martin,* and with him *Norman A. Martin*
of *Martin & Martin,* and *John Lamoree* for appellant.

*W. Walter Braham,* and with him *Edwin K. Logan,*
*William D. Cobau* and *J. Glenn Berry,* for appellee.

Opinion by Keller, J., July 10, 1930:

Plaintiff brought this action in assumpsit to recover
the damages suffered by him by reason of defendant's
breach of an oral contract to enter into a partnership
with him in the retail furniture business. It was so
declared upon in the plaintiff's statement and the
plaintiff's case was presented on that theory. See
record, pp. 38-a, 58-a, 124-a.

A recovery consequently depended on the plain-
tiff's establishing to the satisfaction of the jury three
things: (1) That the plaintiff and defendant had made
an oral contract to form a partnership for the pur-
pose of dealing in furniture in New Castle, Pa., the
defendant to furnish the capital, and the plaintiff the

experience and act as manager, with equal division of the profits; (2) that by reason of the defendant's breach such partnership was never formed; (3) that plaintiff suffered damages by reason of defendant's refusal to form said partnership.

Unfortunately for the plaintiff's right of recovery in this action he proved not only the oral contract to form a partnership, entered into while the parties were driving from Youngstown to New Castle and back, but also that the partnership was formed, and the business actually conducted by the two of them as partners for approximately three months. The plaintiff's evidence on this point is clear, consistent and unmistakable and he supported it by calling half a dozen witnesses to whom the defendant introduced the plaintiff as his partner, and who testified to the plaintiff's conduct of the firm's store and business as managing partner.

On both direct and cross-examination the plaintiff iterated and reiterated that he and the defendant were partners in the business and conducted it as a partnership under his, the plaintiff's, management. "We went into the business under the firm name of A. H. Hirshfield and Harry Robins, and it was to be registered that way." (Record p. 51-a). "We had to go out and contract for all these things [remodeling store, painting, arranging floors, and contracting for gas, electricity, telephone, motor trucks, etc.] Mr. Robins and I agreed that I should take care of all these things as a partner and sign them as a partner. Q. Did you? A. Yes, sir." (pp. 51-a, 52-a). "If anybody came in to see Mr. Robins about repairing or selling merchandise, he would say, 'You will have to see my partner,' and he would call me over and introduce me, 'Mr. Hirshfield, my partner,' and I did likewise." (pp. 52-a, 53-a). To his own counsel's inquiry, "State whether or not during the period of time that you were there at the store [approximately three months] you acted as a partner and took charge of

the managing of the affairs of the concern;" he replied, "Yes, sir." (p. 53-a). And on cross-examination after testifying to the oral contract that "Mr. Robins was to furnish the capital, I was to furnish the experience, and we were to divide the profits equally," the examination continued, "Q. And that was a verbal agreement. A. Yes, sir. Q. A verbal agreement under which you were to go into the furniture business, was it not? A. Yes, sir. Q. And you did go into the furniture business under that agreement, did you not? A. Yes, sir, of partnership. Q. Well, that was your partnership agreement was it not? A. Yes, sir. Q. And you went into the furniture business under that partnership agreement, did you? A. Yes, sir. Q. And you carried on your business under that partnership agreement until Robins failed to produce a written contract in the form that you had agreed upon in the verbal contract, is that a fact? A. Yes, sir. Q. And it was because he failed to produce a written contract in the form that you had agreed upon in the verbal contract that you quit, is that it? A. Yes, sir" (pp. 72-a, 73-a). It was also testified by the plaintiff and the bookkeeper that the money which he received every week was not a salary but a drawing account which he and the defendant agreed each should have as a partner.

This is not the case of an oral agreement that should not go into effect until reduced to writing and signed. The oral contract as testified to by plaintiff contained no condition that the partnership should not become effective until a written agreement of partnership was prepared and executed. On the contrary under the plaintiff's own case, as made out by him and his witnesses, the partnership carried on business and was managed by the plaintiff as a partner for approximately three months. He therefore effectually disproved one of the basic facts necessary for his recovery in this action, viz., that by reason of the de-

fendant's breach, the agreed partnership never had been formed. The testimony of the defendant that no oral contract such as the plaintiff stated had been made and that no partnership was formed cannot be used to supply this fundamental requisite of the plaintiff's own case, which he himself had disproved.

Having sworn that the partnership was formed and carried on business under his management for approximately three months, and supported this evidence by the testimony of half a dozen corroborating witnesses, the plaintiff, himself, prevented his recovery in this action.

His remedy is by bill in equity for an accounting of profits, and damages may be awarded therein if he was wrongfully excluded from further participation in the partnership business. Where equity assumes jurisdiction it will adjust all the rights of the parties in respect to the controversy, without requiring them to seek another tribunal.

The court did not err in refusing to decide the affidavit of defense raising a question of law in favor of the defendant (first assignment of error). Had plaintiff's evidence sustained the allegata of his statement he would have been entitled to go to the jury, even though his statement included some incorrect and inadmissible items of damage. The court could control that on the trial.

The second and third assignments of error are sustained. These dispose of the case and it is not necessary to pass on the remaining assignments. The judgment is reversed and is now entered for the defendant, without prejudice to the plaintiff's right to proceed for relief by bill in equity.