## Donatelli et al., Appellants, *v.* Carino.

40

Argued April 14, 1955. Before Rhodes, P. J., Ross, Gunther, Wright, and Woodside, JJ. (Hirt and Ervin, JJ., absent).

*William F. Donatelli,* for appellants.

*Tice F. Ryan, Jr.,* with him *Joseph H. Bialas* and *Bialas & Ryan,* for appellee.

Opinion by Rhodes, P. J., July 21, 1955:

This is an appeal by plaintiffs from the order of the County Court of Allegheny County dismissing their complaint in assumpsit because of want of jurisdiction.

Appellants brought an action in assumpsit in the County Court of Allegheny County against defendant. Defendant filed preliminary objections. The court allowed appellants to file an amended complaint, upon the filing of which defendant amended the preliminary objections previously filed setting forth that appellants' cause of action, if any, was in equity, and that the County Court of Allegheny County had no jurisdiction of actions in equity.

The court below sustained the preliminary objections as amended.

Appellants' amended complaint set forth, inter alia, that appellants and defendant entered into a written

partnership agreement on July 24, 1951, for the purpose of buying, selling, and hiring of construction equipment, and also for the purpose of hauling all kinds of materials; that defendant did not make his equal contribution to the capital of the partnership as provided by the partnership agreement; that appellants purchased partnership property with their own funds; that a partnership bank account was opened by defendant; that partnership funds were deposited therein; that the partnership business was conducted and payments made to the partnership; that certain payments were deposited in the partnership account and other payments were retained by defendant; that defendant breached the provisions of the partnership agreement in the manner in which he opened the bank account and withdrew funds therefrom; that appellants elected to rescind the partnership agreement and seek to recover $931.44 with interest from August 1, 1951, from defendant.

Appellants have averred in their pleadings the formation of a partnership, which was engaged in a continuing business for at least eighteen months. There had been no settlement of its affairs. Nevertheless, appellants do not ask for an accounting but seek to recover a specific sum from defendant because of alleged breach of the partnership agreement in relation to receipts and disbursements of partnership funds and in the conduct of partnership transactions. It would seem that, until there has been an accounting or settlement of the partnership affairs, it remains undetermined whether the transactions by defendant were for the benefit of the partnership or a misappropriation of partnership funds. Appellants having averred they had purchased partnership property with their own funds, the use of such property and the derivation of any profits therefrom in connection with the partner-

ship business may be involved and require a mutual accounting. Section 21 of the Partnership Act of March 26, 1915, P.L. 18, Part IV, 59 PS §54 (1), specifically provides that every partner must account for any benefit and hold as trustee any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership, or from any use by him of its property.

The court below relied on *Stephens v. Lehnert* (1933), 310 Pa. 412, 165 A. 651, wherein it was said that an action in assumpsit, as distinguished from a suit in equity, in the absence of an express agreement, cannot be maintained in respect to partnership transactions unless there has been an accounting or settlement of partnership affairs.

In *Hirshfield v. Robins* (1930), 99 Pa. Superior Ct. 217, 219, plaintiff brought an action in assumpsit to recover damages for defendant's breach of an oral contract to enter into a partnership with plaintiff. He could not recover because he proved not only the oral contract to form a partnership, but also that the partnership was formed and the business actually conducted by them for three months. We held that the plaintiff's remedy was by bill in equity for an accounting.

In *Swartz v. Biben* (1926), 87 Pa. Superior Ct. 270, where the action was a suit in assumpsit by two partners against their co-partners for their share of profits alleged to have been made from various real estate deals and for an accounting, we said (page 273 of 87 Pa. Superior Ct.): "It is well settled that a settlement of partnership accounts cannot be brought about in an action of assumpsit, unless the partnership was for a single transaction, or all partnership matters have been settled and a balance determined to be due. . . A bill in equity is the proper remedy."

In *Frazier v. Mansfield* (1931), 305 Pa. 359, 157 A. 798, it was stated that one partner cannot sue another at law on an unsettled partnership account.

Appellants argue, in effect, that such cases are not applicable because they were decided before the Pennsylvania Rules of Civil Procedure were adopted.

It is true that in *Stephens v. Lehnert,* supra, 310 Pa. 412, 165 A. 651, section 11 of the Practice Act of May 14, 1915, P.L. 483, 12 PS §393,[1] was not mentioned. This section of the Practice Act has been replaced by Pennsylvania Rule of Civil Procedure 1021, which reads as follows: "Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded." However, section 11 of the Practice Act of 1915 had been considered in *Williams v. Finlaw, Mueller & Co., Inc.* (1928), 292 Pa. 244, 247, 141 A. 47, 48, where it was said: "While the Practice Act of 1915 enables matters requiring an account to be determined at law, (Miller v. Belmont Packing & Rubber Co., 268 Pa. 51; Shaw v. Newingham, 279 Pa. 180), the remedy is not exclusive, but is concurrent with equity. The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction. The question is whether the remedy is adequate or complete: Edison Illuminating Co. v. Eastern Penna. Power Co., 253 Pa. 457, 465." Continuing, the court stated, citing from Pomeroy on Equity Jurisprudence (4th Ed.), p. 3368, §1421 (page 247 of 292 Pa., page 48 of 141 A.): "The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper,

---

[1] The provisions of this section, in so far as they apply to the practice and procedure in actions of assumpsit, have been suspended by Rule 1452 of the Rules of Civil Procedure.

are: 1. Where there are mutual accounts between the plaintiff and the defendant,—that is, where each of the two parties has received and paid on account of the other; 2. Where the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law; 3. Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account." The court also said (page 249 of 292 Pa., page 49 of 141 A.) : "Where a well recognized fiduciary relation exists, as in the case of trusts or partnerships, it is clear that a bill for an accounting will be granted."

Appellants contend that, even though an accounting is required, the Pennsylvania Rules of Civil Procedure, Rules 2129 and 1021, allow them to bring this action in assumpsit, and that the County Court of Allegheny County has jurisdiction. Rule 2129 provides: "An action may be prosecuted at law by a partnership against one or more of the partners thereof, or against such partners together with persons not partners; or by one or more partners, or by such partners together with other persons not partners, against the partnership. No such action may be prosecuted in equity unless there is ground for equitable jurisdiction other than the fact that the action is between a partnership and one or more partners." It is to be noted that Rule 2129 makes provision only for actions at law by and against partnerships; here the dispute is within an established partnership. Said rule is permissive and equity is not divested thereby of jurisdiction in all partnership actions. The right to an account in assumpsit in some partnership cases may exist under Rule 1021; but such rule does not oust equitable jurisdiction in partnership matters any more than did section 11 of the Practice Act of 1915.

Appellants cite and rely upon *Canfield v. Johnson,*
144 Pa. 61, 22 A. 974, and *Rush Centre Creamery Co.
v. Hillis,* 3 Pa. Superior Ct. 527. However, both of
those cases hold that an action in assumpsit would lie
for the breach of a contract to enter into a partnership
where the contract was merely executory and nothing
had been done to carry out the contract or put it into
effect. From the facts averred in appellants' amended
complaint, it is clear that those cases are not appli-
cable. In the present case, not only was there an
agreement to enter into a partnership, but one was
actually formed and engaged in business. Appellants
not only complain that defendant in some instances
breached the agreement by failing to do certain things,
but also complain that he breached the agreement by
doing certain things improperly.

The partnership relation between appellants and
defendant was formed on July 24, 1951, and carried
out until January 15, 1953, when appellants unilater-
ally attempted to rescind the executed partnership
agreement. In view of the fact that the action as
pleaded in appellant's amended complaint is to settle
partnership accounts and transactions which may be
mutual and possibly complicated, appellants' remedy
is by bill in equity for an accounting.

The County Court of Allegheny County has no ju-
risdiction in equity. See Act of May 5, 1911, P.L. 198,
as amended, 17 PS §621 et seq.

In *Kemnitzer v. Kemnitzer,* 335 Pa. 105, 110, 6 A.
2d 571, 573; it was recognized that the jurisdiction of
the County Court of Allegheny County is limited. In
that case it was said: "It must first be noted that the
act creating the County Court of Allegheny County
does not confer jurisdiction on it *'in all civil actions* at
law and *in equity'* (but limited as to the value of the
matter or thing in controversy) . . . The Act of 1911

46

did not confer on the County Court jurisdiction in equity."

The County Court of Allegheny County does not have equitable jurisdiction; and the Pennsylvania Rules of Civil Procedure have not extended the power of that court, nor have they precluded actions in equity for accounting in all partnership matters. The court below properly sustained preliminary objections to appellants' amended complaint.

The order of the court is affirmed.