## Shive v. Snyder

*John R. Gailey, Jr.*, for plaintiff.

*Daniel W. Shoemaker*, for defendant.

BUCKINGHAM, J., June 26, 1968.—Plaintiff, in her capacity as a coexecutor of the estate of Curvin E. Snyder and in her individual capacity as a residuary legatee under the will of decedent, Curvin E. Snyder, sued defendant in equity for an accounting and a money judgment in the amount found to be due the estate as a result of the accounting.

The complaint, in brief, alleges that defendant is a grandson of decedent; that he, together with his wife, moved in with decedent in March 1959 and lived with him until his death on January 3, 1966; that during this time decedent had substantial income; that dur-

ing this time decedent or defendant withdrew in excess of $10,000 from decedent's saving accounts in several banks; that during this time decedent was in failing health and defendant handled all the financial matters for him and stood in a fiduciary relationship with him; that plaintiff has demanded of defendant an accounting of the money received as aforesaid and of the expenditures made for decedent's benefit, which accounting defendant refused to give and that plaintiff is of the belief that defendant has converted substantial sums of the aforesaid moneys to his own use during the period he lived with decedent, all of which reduced decedent's estate.

Defendant has preliminarily objected to the complaint, asking for its dismissal, on the following grounds: 1. A final account was filed and the estate is closed; 2. the other coexecutor is not a party plaintiff; 3. plaintiff, either individually or as an executor, does not have a cause of action against defendant; 4. plaintiff has an adequate remedy at law; 5. the complaint does not allege that defendant committed any wrong; 6. the complaint is not specific enough in its allegations as to defendant's alleged wrongdoing.

Objection No. 1 was neither briefed nor argued before the court so we consider it abandoned and will dismiss it.

Prior to the adoption of the Pennsylvania Rules of Civil Procedure there was no easy answer to the problem raised by Objection No. 2. 3 Standard Pa. Prac., Chapter 62, §9, page 235 states: "If an action is brought expressly by executors, where several are appointed in the will, they must all join—not excepting an infant executor—since they derive their interest under the will, and the right to sue is equal in all". However, in making this statement, the authors rely on 21 Am. Jur., Executors and Administrators, §978, p. 923, where it is said: "In the absence of statute,

joint representatives should be joined in actions brought by them in behalf of the estate" but Am. Jr. cites no Pennsylvania cases for this proposition. The authors of Standard Pennsylvania Practice also relied on Heron v. Hoffner, 3 Rawle 392 (1832). In Heron, the testator appointed his wife Catharine and two sons, George and John, as coexecutors of his will. The two sons qualified as executors but the wife refused to either qualify, prove the will or file a renunciation. The two sons, acting as executors, then sold one of testator's lots and signed the deed but the wife refused to sign it. The sons then tendered the deed but the buyer didn't have the money to go through with the sale. Suit for the purchase price of the lot was brought against the buyer by the two sons in the names of all three executors. The Pennsylvania Supreme Court held that the lower court was wrong in approving this, saying at page 394: "The court below seems to have fallen into error by viewing and considering this action as one brought by the plaintiffs below in *auter droit*. It is not so; so far from being founded upon a contract or transaction to which the testator in his lifetime was a party, which is the true test of a suit being in *auter droit*, that it is for a breach of a contract made by two of the defendants in error with the plaintiff in error. But as Catharine Hoffner was no party, and did not join with George and John Hoffner in selling the lot, but on the contrary refused, she ought not to have been joined with them in bringing the suit.

"The proving of the will by one executor, where there are several, is sufficient no doubt for all; and anyone or either of them may act afterwards as if they had all joined in proving it. Either may receive debts owing to the testator's estate, and give acquittances for or release them. . . . And if an action be brought, it ought to be brought in all their names, notwith-

standing the refusal. . . . But this has a reference to actions brought in *auter droit*, and is not applicable to causes growing out of contracts made and entered into by the acting executors only, and more specifically as in this case where the refusing executrix positively refused to join in the contract, or to have anything to do with it".

The Supreme Court of Pennsylvania had an opportunity to pass upon this point in Moore v. Steinman Hardware Company, 319 Pa. 430 (1935), and declined to do so. In Moore the two executors were the widow of testator and a bank. At his death on August 26, 1928, testator owned 510 shares of the common stock of defendant corporation. On December 7, 1933, the widow filed suit against defendant corporation whereby it alleged that the president of defendant corporation, a brother of decedent, had made fraudulent misrepresentations to her in procuring, in defendant's behalf, the sale to it of decedent's shares. The statement of claim was subsequently amended to add as parties plaintiff the names of the widow and the bank in their capacities as executors. Upon petition by defendant to require counsel to file a warrant of attorney from plaintiffs, a warrant from the widow alone was filed. Although no warrant from the corporate executor was produced, the court below permitted the use of its name as a party plaintiff. The Supreme Court said, at page 432: "The question whether the court acted properly in allowing the use of the corporate executor's name is not now raised, and we therefore express no opinion with regard to it".

However, R. C. P. 2227 (b) provides:

"If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder".

4 Anderson Pa. Civ. Pract. §2227.26 explains the rule as follows:

"The joinder of the involuntary plaintiff under the provisions of Rule 2227 (b) is authorized when the action is brought on a cause of action held by a partnership or a decedent's estate.

"If all the partners or all the personal representatives of a decedent are not willing to bring suit, those who are willing may do so in the name of all. The net result is that the unwilling persons are joined as plaintiffs. The right to effect such joinder is not a matter of procedure but is based rather upon the substantive law relating to the control of partnerships and the management of estates.

"In the case of the partners a majority may act for all and therefore bring suit in the name of all when the bringing of suit comes within the scope of the partnership business. Similarly, one personal representative may sue in the name of all".

R. C. P. 2232 (c) states:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action".

In view of the foregoing, we believe the other coexecutor in the present case should have been a party plaintiff. Objection No. 2 will therefore be sustained with leave to plaintiff to file an amended complaint in the names of both coexecutors, with proper notice to the coexecutor to be joined.

Objection No. 3, as it relates to the plaintiff, Carrie M. Shive, individually, must be sustained. A legatee under a will has no standing to bring suit where there

is a qualified and acting executor: Kilpatrick Estate, 368 Pa. 399 (1951). However, the objection, as it relates to her as an executrix, for reasons hereinafter discussed, must be dismissed.

Objection No. 4 must be dismissed. It is true that ordinarily where all plaintiff seeks is an accounting and money damages, equity has no jurisdiction because there is an adequate and complete remedy for plaintiff in assumpsit. However, where there is an allegation that a fiduciary relationship existed between decedent and defendant, the legal remedies are held to be inadequate and, therefore, a suit in equity for an accounting is proper: Williams v. Finlaw, Mueller & Co., Inc. 292 Pa. 244 (1928); Crennell v. Fulton, 241 Pa. 572 (1913); Holland v. Hallahan, 211 Pa. 223 (1905); Donatelli v. Carino, 179 Pa. Superior Ct. 39 (1955), affirmed 384 Pa. 582.

Objection 5 must be dismissed. The complaint, as a whole, fairly apprises defendant of the basis of plaintiff's cause of action which is that while decedent and defendant were living together in a fiduciary relationship, defendant misappropriated decedent's moneys to his own personal use to the detriment of decedent's estate. As thus set forth, we believe it pleads a valid cause of action.

However, Objection No. 6 must be sustained. While in a broad sense as we have above indicated, the complaint does set forth a cause of action against defendant, the complaint does lack specificity as to defendant's wrong doing. This objection will be sustained with leave to plaintiff to particularize her complaint.

In view of all the foregoing, the following order is hereby entered:

And now, to wit, June 21, 1968, defendant's preliminary objections 1, 4, 5 and that portion of 3 which relates to plaintiff in her capacity as executrix are hereby overruled and dismissed. That portion of

preliminary objection 3 relating to Carrie M. Shive in her individual capacity is sustained and the demurrer of defendant as to plaintiff in her individual capacity as a legatee under the will is hereby sustained and she is hereby dismissed from this action as a party plaintiff in her individual capacity.

Plaintiff's preliminary objections numbers 2 and 6 are sustained with leave to plaintiff to file an amended complaint in consonance with this opinion within 20 days of the date of this order. It is directed that a copy of this opinion and order and the amended complaint be served upon the other coexecutor by counsel for plaintiff personally or by registered or certified mail in due course.

An exception is granted to both parties.