# Leidy <em>versus</em> Messinger.

1. Leidy and Messinger as partners, purchased for $1000 one share of the stock of an unincorporated oil company; Messinger paid $500 in cash, and Leidy gave his note for $500, which was passed in payment for the purchase-money of the land of the company, placed by the vendor in the hands of counsel for collection and was unpaid. The company became insolvent. *Held* that Messinger in assumpsit could not recover from Leidy the one-half of the cash paid by him.

2. Leidy's liability to Messinger resulted from the partnership relation, and Messinger could not recover until there was a settlement of their accounts and a balance struck.

3. Partnership accounts must be settled in one proceeding; by account render or bill in equity; until there has been a settlement of partnership accounts, assumpsit will not lie for advances unless there has been an express promise to repay.

4. This rule applies whether the property of the partnership has ceased to exist or not.

March 5th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bucks county :* No. 63, to July Term 1871.

On the 26th of March 1870, Charles Messinger brought an action of assumpsit against Zachariah Leidy, to recover one-half of the sum of $500, which the plaintiff had paid on account of a share of oil stock alleged by him to have been bought jointly with the defendant.

The plaintiff testified that he and the defendant had jointly purchased one share of the stock of the Fayette Oil and Mining Company, of which the price was $1000, and that he had paid $500; that the defendant paid nothing at the time, but had given his note to the company for $500; the note was endorsed by the plaintiff, who took from the treasurer of the company the following receipt :—

[Leidy *v.* Messinger.]

"Rec'd., May 20th 1865, of Z. Leidy and C. Messinger (by C. Messinger), Five Hundred Dollars on account of one share in the Fayette Oil and Mining Comp.

$500.

Mo: LOEB,
Treasurer of said Company."

The evidence was undisputed that the plaintiff and defendant were partners in the stock. The company was an unincorporated company. The note was passed to Robert Alsop by the company on part payment of the land of the company in West Virginia, and was at the time of the trial in the hands of an attorney for collection against Leidy. The plaintiff gave evidence that "the company collapsed, became defunct, insolvent."

The following is a copy of the note:—

"$500.                      "Doylestown, Pa., April 22d 1865.

"Four months after date, I promise to pay to the order of Charles Messinger, at the Doylestown National Bank, Five Hundred Dollars, without defalcation, value received.

(Endorsed,)                                    Z. LEIDY.
CHARLES MESSINGER,
Mo: LOEB."

The defendant submitted a number of points, not necessary to set out—which the court denied, and Chapman, P. J., charged:—

* * * "It is contended by the defendant that he is not liable to contribute in making up the loss which the plaintiff has sustained by his advancement of the $500. We decline so to charge you, because if you find they jointly engaged in the purchase of a share of stock, they would be equally bound to the company for the whole price, and consequently, as between themselves, liable to contribute to one another. In a common undertaking between two persons, if the enterprise fails, the whole burden of the loss cannot be thrown on one. It is urged that defendant purchased but half a share of stock, and is only responsible to the company for half the price. But the receipt recognises them both as purchasers of the whole share, and in order to treat the share as divisible, it is necessary there should be some evidence that there was an arrangement between the parties to that effect. As the matter stands, both parties are still responsible to the company, if the company has not forfeited its right to resort to either.

"It is further contended, that if plaintiff and defendant are partners, the plaintiff has mistaken his form of action, which should have been account render. We charge you, as this was a single transaction between themselves, and as such involving no complication of accounts, the form of action adopted was a proper remedy. And we further charge you, if you believe the evidence, the plaintiff is entitled to your verdict."

[Leidy v. Messinger.]

The verdict was for the plaintiff for $339.25.

The defendant took out a writ of error, and assigned the denial of his point and the charge of the court for error.

G. *Lear*, for plaintiff in error, cited Knerr v. Hoffman, 15 P. F. Smith 126; Finlay v. Stewart, 6 Id. 183; Ferguson v. Wright, 11 Id. 258.

G. *Ross* and R. *Watson*, for defendant in error.—The suit was instituted to recover upon an implied, if not direct, promise, growing out of a case of a single partnership transaction, or joint adventure. Under such circumstances assumpsit was the proper form of action: Wright v. Cumpsty, 5 Wright 102; Meason v. Kaine, 13 P. F. Smith, 338; Finlay v. Stewart, 6 Id. 183; Brubaker v. Robinson, 3 Penna. Rep. 295; McFadden v. Erwin, 2 Whart. 37.

The opinion of the court was delivered, May 13th 1872, by

WILLIAMS, J.—The plaintiff and defendant jointly purchased a share of stock in the La Fayette Oil and Mining Company, an unincorporated association formed for the purpose of buying oil and mineral land in West Virginia. The price of the share was $1000, for which the plaintiff below paid the treasurer $500 in cash, and the defendant gave him his note for a like amount endorsed by the plaintiff. The treasurer applied the money and the note to the payment of the purchase-money of the property bought by the association. The note was endorsed to the vendor before maturity, and was in the hands of his attorney for collection at the time of the trial. The company became "defunct and insolvent," and this action was brought by the plaintiff to recover from the defendant the one-half of the amount which he had paid on account of the stock. The court below instructed the jury that if the evidence was believed, the plaintiff was entitled to a verdict; and the correctness of this instruction is the main question presented by the record.

Admitting that the stock was purchased in partnership, as alleged, what right has the plaintiff to recover of the defendant the one-half of the amount which he paid for his moiety of the share, so long as the defendant is liable for the note given for his half? It is clear that if the defendant had paid the note, he would not be responsible to the plaintiff for any part of the money claimed in this action. Why then should he be bound to make contribution so long as he is liable for the note? If the plaintiff can recover, then the defendant, on the payment of the note, may recover the half thereof from the plaintiff. The defendant's liability, if any, for the money claimed in this action, does not arise from any express promise or undertaking on his part. There

[Leidy *v.* Messinger.]

is no evidence that it was paid at his request and upon his promise to repay it.    If he is liable for it, his liability depends solely on the obligation arising from the partnership relation created by the joint purchase of the stock.    But a partner cannot maintain assumpsit against his copartner to recover the excess of his advances, unless there has been a settlement of the accounts and a balance has been struck.    And this rule applies whether the subject-matter or property of the partnership has ceased to exist or not.    It would beget an intolerable multiplicity of suits to allow one partner to sue another for contribution as often as he paid moneys or made advances on account of the partnership.    To prevent such burdensome litigation, the law has wisely provided that the partnership accounts shall be settled in one proceeding either by an action of account render, or by bill in equity, and that, in the absence of an express promise to repay, assumpsit will not lie by one partner against another to recover for advances, until there has been a settlement of the partnership accounts.    It follows that under the evidence the court should have instructed the jury that the plaintiff was not entitled to recover.    This view of the case renders it unnecessary to consider the other assignments of error.

Judgment reversed.