John H. Murray *v.* Francis E. Herrick, Executor of Edward C. Herrick, Deceased, Appellant.

[Marked to be reported.]

*Partnership—Action by one partner against another—Assumpsit—Account render—Equity.*

Where one of several partners has paid partnership debts for which all are liable, he cannot recover in an action of assumpsit from another partner the share for which said other partner is liable to contribute, without a settlement of the partnership accounts. He must proceed by action of account render or by bill in equity : Leidy v. Messinger, 71 Pa. 177. Crow v. Green, 11 Pa. 637, followed, and Shamburg v. Abbott, 112 Pa. 6, distinguished.

Argued March 21, 1895. Appeal, No. 43, Jan. T., 1895, by defendant, from judgment of C. P. Bradford Co., May T., 1889, No. 672, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and FELL, JJ. Reversed.

Assumpsit to recover share of partnership debts paid by plaintiff. Before SEARLE. J., specially presiding.

Plaintiff's amended or additional statement was as follows :

"And the plaintiff sets forth as a further cause of action in the above entitled case, that the said Edward C. Herrick, from about the 1st day of April, A. D. 1872, and up to about the 1st day of April, 1873, was engaged with Hugh T. Herrick, George Herrick and others in carrying on as copartners, under the name of the Waverly Bank, a private banking institution in the village of Waverly in the state of New York, and while so engaged Gabriel L. Mullock, Henry S. Butts, William B. Campbell and George Rogers deposited large sums of money in said banking institution, and said copartners became liable to pay to said last named persons the amount of money so deposited less the amounts drawn out by them of the money so deposited. That on or about the 1st day of April, A. D. 1873, said firm and bank ceased to do business and refused to pay said depositors, and the said Hugh T. Herrick and George Herrick, who were managing said firm or bank, were, by the United States district court for the northern district of New York, duly adjudged bankrupts as partners constituting said

Waverly Bank, and the aforesaid named depositors proved their claims against said bankrupt firm, and on or about the 27th day of April, A. D. 1873, all of the assets of said bank were distributed and all the business connected therewith was finally closed; that said depositors began suits in the Supreme Court of the state of New York against the said Hugh T. Herrick, George Herrick, Edward C. Herrick, John H. Murray, Arthur Yates and the said Joshua S. Holbert, alleging that they as copartners carried on said business of banking under the firm name of the Waverly Bank; that said suits were duly prosecuted to judgment against the said Joshua S. Holbert, John H. Murray, Hugh T. Herrick and George Herrick, the said Edward C. Herrick not being within the jurisdiction of said court and no service being had upon him, and the said Arthur Yates during the pendency of said suits on or about the year 1880 having died; that judgments, as per statement attached to the original statement in this case, were recovered against the said Hugh T. Herrick, George Herrick, John H. Murray and Joshua S. Holbert in the year 1888; the said Joshua S. Holbert, of his own individual moneys, paid the undivided one half of said judgments, and the said John H. Murray paid the other undivided one half, and they caused the same to be satisfied of record in the months of January and February in the year 1889; that the said Arthur Yates at the time of his decease was insolvent, and the said Hugh T. Herrick is now, and has been ever since the said firm or bank ceased doing business, insolvent, and the said George Herrick was also insolvent at the time said firm or bank ceased doing business and up to the time of his death so that no portion of said judgments could be collected of either of said last mentioned persons at any time; that all the matters connected with said firm or bank, save and except the aforesaid claims upon which said judgments were recovered, had been closed more than six years before said judgments were recovered,—all the assets of said firm or bank collected and distributed; that the said John H. Murray by reason of said suits and of said judgments did and was obliged to pay the sum of six thousand, five hundred and fifty-one and 31-100 dollars ($6,551.31), and the said Joshua S. Holbert paid an equal amount, by reason of it having been adjudged by said Supreme Court of the state of New York that from the 1st day

of April, A. D. 1872, to the 1st day of April, A. D. 1873, or thereabouts, they had been in partnership with the said Herrick. Whereby a right of action hath accrued to the said John H. Murray, the said plaintiff, to have from the said defendant the sum of twenty-one hundred and eighty-three and 77-100 dollars ($2,183.77), with interest from the 8th day of January, A. D. 1888, the time when said plaintiff paid the money to satisfy said judgments."

At the trial defendant presented this point:

1. That under the pleadings in this case the plaintiff is not entitled to recover. *Answer:* Refused.

Verdict for plaintiff for $2,210.07. Judgment was entered for $1,705.90, plaintiff releasing all of the verdict in excess of that amount.

*Error assigned* was above instruction, quoting it.

*J. C. Ingham* and *D'A. Overton,* for appellant.

*Edward Overton* and *Rodney A. Mercur, I. McPherson, E. J. Angle* and *Ulysses Mercur* with them, for appellees.

Opinion by Mr. Justice Green, October 7, 1895:

By the additional statement of the plaintiff's cause of action he claims to recover against the defendant's testator, because it was adjudged by the Supreme Court of New York that he and all the Herricks, including this decedent, were partners in the banking business at Waverly from April 1, 1872, to April 1, 1873, and in consequence thereof he the plaintiff had been adjudged to pay $6,551.31 debts of the copartnership, one third of which he seeks to recover in this action because the testator E. C. Herrick was his partner. On the trial of the New York case E. C. Herrick testified that he supposed he was a partner with the plaintiff and the others at the time stated. The referee in that case found as a fact that they were all partners together in the said business during the time stated, and this finding and consequent judgment was affirmed by the court of appeals of the state of New York. On the trial of the present case in the court below, the question of fact, whether all the parties in question were partners together in the said busi-

'ness, was submitted to the jury, and the jury found specifically that they all were partners. After such a state of the pleadings and such findings of the fact of the partnership of all the parties, this court must assume that such was the fact, and it is not necessary to consider any other aspect of the case than that. This being so the question is, whether when one of several partners has paid certain partnership debts for which all were liable, he can recover the share thereof, of any one of said partners, in an action of assumpsit without any settlement of the partnership accounts. As we understand the decisions this cannot be done except by means of an action of account render or by bill in equity. This was explicitly decided in the case of Leidy v. Messinger, 71 Pa. 177, as it has been in many other cases. We there said, WILLIAMS, J., " The defendant's liability, if any, for the money claimed in this action does not arise from any express promise or undertaking on his part. There is no evidence that it was paid at his request and upon his promise to repay it. If he is liable for it, his liability depends solely on the obligation arising from the partnership relation created by the joint purchase of the stock. But a partner cannot maintain assumpsit against his copartner to recover the excess of his advances unless there has been a settlement of the accounts and a balance has been struck. And this rule applies whether the subject-matter or property of the partnership has ceased to exist or not. It would beget an intolerable multiplicity of suits to allow one partner to sue another for contribution as often as he paid moneys, or made advances, on account of the partnership."

We said in Crow v. Green, 111 Pa. 637, " The case comes within the perfectly familiar rule that one partner cannot sue another partner for a partnership transaction except by bill in equity or action of account render," citing a number of cases.

As the present action is brought by one who was a partner, against another who was a copartner in the same business, to recover contribution for an alleged excess of payments by the plaintiff, of partnership debts, and as there is no pretense that there has ever been a settlement of the partnership accounts, it is clear that the present action cannot be sustained.

Shamburg v. Abbott, 112 Pa. 6, has no possible application to this case. The facts were entirely different and do not raise

the question involved here.   There the plaintiff had withdrawn from the firm and the relation of partnership ceased to exist between him and the defendants.   Being still liable to strangers who were ignorant of his retirement from the firm, he was obliged to pay some debts contracted by the firm after he left it, and he then sued the remaining members to recover the money he had been obliged to pay for them.   As to them he was held entitled to the rights of a surety who had paid the debt of his principal.

The disposition of the case as to the remedy determines the whole controversy, and it is unnecessary to consider the assignments of error in detail.   We sustain the fifth assignment, the others are not material.

Judgment reversed.