Frazier, Appellant, *v.* Mansfield et al.

*Gifford K. Wright,* of *Alter, Wright & Barron,* with him *James K. Ruby,* for appellant.—Plaintiff is entitled to an accounting: Rowley v. Rowley, 294 Pa. 535.

Amendment should have been allowed.

Plaintiff came in with clean hands: Lewis's App., 67 Pa. 153; Comstock v. Thompson, 286 Pa. 457.

*Oliver K. Eaton,* for appellee.—Amendment was properly refused: Piesneski v. Stepien, 300 Pa. 161.

The compensation, a share of the profits, paid to W. D. Mansfield, as an employee, does not raise any inference that he is a partner: Beeson v. Lang, 85 Pa. 197; Krall v. Forney, 182 Pa. 6; Kaufmann v. Kaufmann, 222 Pa. 58.

Plaintiff came in with unclean hands: Schaeffer v. Jones, 293 Pa. 529; Bishoff v. Dairy Co., 302 Pa. 125.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

The plaintiff, T. H. Frazier, filed this bill against W. D. Mansfield and F. H. Mansfield for an accounting. The case was heard upon bill, answer and testimony. The chancellor found the facts and law in favor of the defendants and, from the final decree dismissing the bill as to both defendants, plaintiff brought this appeal. On June 1, 1922, by written agreement, plaintiff and F. H. Mansfield formed an equal partnership to engage in the general contracting business. This was dissolved by mutual consent January 1, 1929. Both resided in Allegheny County and the firm's business, mostly road construction, was conducted largely in that county.

The controlling question as to the defendant W. D. Mansfield, was whether he became a member of the firm

soon after it was formed. The bill avers that he did and the answer that he did not. In support of the bill plaintiff testified that by an oral agreement W. D. Mansfield joined the firm as an equal partner in 1922, but, being a state senator, he requested that the matter be kept secret. Each of the two original partners had contributed as a working capital the sum of $3,475 and in September, 1923, Senator Mansfield, who kept the firm books, charged himself therein with a like amount and this charge remained on the books for over five years. It is agreed that he was connected with the firm beginning in 1922, but defendants averred and testified he was an employee, that his duties were to keep the firm books, to provide an office for the partners, and to assist them financially, to become surety for them in their business, and endorse their notes, and that he was to receive as full compensation one-third of the net profits of the business, but not to share in the losses. Defendants' testimony also was that when the senator charged himself with the $3,475 the question of his becoming a partner was under consideration and for that purpose he prepared a written partnership agreement, which never took effect, as plaintiff refused to sign it. The defendants' contention is supported by the fact that plaintiff, on October 27, 1923, wrote Senator Mansfield a letter setting forth, inter alia, that the latter was to receive as compensation for his services one-third of the net profits. Furthermore, in every instance during the continuance of the partnership where it was necessary to set out the names of the members of the firm, as it was sometimes under plaintiff's oath, the name of W. D. Mansfield was never included as a partner. From all the evidence on this branch of the case the chancellor properly found that Senator Mansfield never was a member of the partnership. This necessitated the dismissal of the bill as to him, for receipt of a share of the firm's profits as compensation for services does not make the recipient a partner: Clause 4, section 7, Act of March 26, 1915, P. L. 18,

19; Kaufmann v. Kaufmann, 222 Pa. 58; Krall v. Forney, 182 Pa. 6. Nor does the advancement of a share of the capital make one a partner: Rowley v. Rowley, 294 Pa. 535. Whatever claim the plaintiff or the late firm has against W. D. Mansfield must be enforced against him as an individual.

In 1928 plaintiff became dissatisfied and paid himself $364 for his services as foreman of certain partnership work, although the articles of copartnership required each partner to give his entire time to the business. During the same year plaintiff collected firm money to the amount of $701.25 which he retained for his own use and neglected to have it charged to his account with the firm. It also appears that plaintiff gave away some of the firm's wire mesh of uncertain value. Because of the matters just stated and because the chancellor found plaintiff had made an unfounded claim as to Senator Mansfield being a partner the chancellor concluded as matter of law that plaintiff did not come into equity with clean hands and the court dismissed the bill as to both defendants.

Herein the chancellor and lower court erred. Since the dissolution of the firm F. H. Mansfield, with the assistance of Senator Mansfield, attended to winding up the firm's business. Under such circumstances regardless of plaintiff's alleged misconduct he is entitled to an accounting. Mr. Justice MITCHELL, speaking for the court, in Wilson v. Keller, 195 Pa. 98, 100, says: "It is admitted that there was a partnership, and that on dissolution the appellant became the liquidating partner. Under these circumstances his duty to account was imperative. The alleged acts and fraudulent representations of the plaintiff may affect the final result, but cannot dispense with the accounting." In this respect a bill for an accounting seems to be unlike other suits in equity. This is so because one partner cannot sue another at law on an unsettled partnership account. See Murray v. Herrick, 171 Pa. 21; Beaumont v. Sharpless,

45 Pa. Superior Ct. 575. While a partner may resort to the old common law remedy of account render, it is not generally used where equity has jurisdiction. It has never been much resorted to in this State. As far back as 1858, this court said concerning it: "Account render has not been a favorite in modern times. The practitioner of the present day is as much repelled as the ancient lawyer was attracted by its cumbrous machinery and want of speed": Borrell's Administrator v. Borrell, 33 Pa. 492, 494. Furthermore, the misconduct which will deprive a suitor of equitable relief must relate to the matter in suit: Bishoff v. Valley Dairy Co. et al., 302 Pa. 125; Schaeffer v. Jones et al., 293 Pa. 529; Comstock v. Thompson, 286 Pa. 457; D., L. & W. R. R. v. Stroudsburg W. G. St. Ry., 289 Pa. 131; Hay's Est., 286 Pa. 520; Nat. Bank's App., 159 Pa. 381. The attempt to hold Senator Mansfield as a partner, whether well or ill founded, did not deprive plaintiff of the right to call upon F. H. Mansfield for an accounting in equity. Again, the misconduct which will deprive a party of equitable relief must be wilful: Lewis & Nelson's App., 67 Pa. 153. While we do not approve of all of plaintiff's acts, nothing appears that should deprive him of the right to an accounting.

After the testimony was closed, plaintiff sought to amend the prayers of his bill so as to require an accounting from the defendants whether as partners or as individuals. Being an amendment to the prayers of the bill this should have been allowed as an unimportant matter under Equity Rule 56. In Fell v. Pitts, 263 Pa. 314, relied upon by the trial court, a decree nisi had been entered before the petition to amend and the proposed amendment was to a matter of substance and asked for a retrial of the case on a new theory. Its refusal, however, in the instant case, did plaintiff no harm. The action was against the defendants as partners and in the same case one could not be compelled to account as a partner and another as an individual. Moreover, in

equity, the relief granted must conform to the pleadings as well as to the proofs. At this preliminary stage we express no opinion as to the merits of the case, for an accounting may be asked even where it does not appear that any sum is due the complainant: Comstock v. Thompson, supra; Bradly v. Jennings, 201 Pa. 473. Other matters suggested in the record will be for the lower court in the further consideration of the case.

The decree dismissing the bill against W. D. Mansfield is affirmed, without prejudice to the right of the plaintiff or of the late firm of Frazier and Mansfield to proceed against him individually. As to the defendant F. H. Mansfield, the decree is reversed and the bill is reinstated. Costs to abide the event of the suit.