Donatelli, Appellant, *v.* Carino.

Argued March 12, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*William F. Donatelli,* for appellants.

*Tice F. Ryan, Jr.,* with him *Joseph H. Bialas* and *Bialas & Ryan,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, April 16, 1956:

This appeal, which we allowed from the decision of the Superior Court (179 Pa. Superior Ct. 39, 116 A. 2d 95), concerns the jurisdiction of the County Court of Allegheny County in an action brought by partners against a copartner. Both the County Court itself and the Superior Court held that the former had no jurisdiction of the suit because the Act of May 5, 1911, P. L. 198, as amended, creating the County Court of Allegheny County, did not confer on it jurisdiction in equity: *Kemnitzer v. Kemnitzer,* 335 Pa. 105, 110, 6 A. 2d 571, 573; *DuPuy Estate,* 373 Pa. 423, 426, 96 A. 2d 318, 319. The question, therefore, is whether the present action, although in form an action in assumpsit, falls within that ban.

Plaintiffs and defendant, on July 24, 1951, entered into articles of copartnership for the purpose of buying, selling, renting and hiring equipment used in the construction of highways and buildings, and also for the hauling of materials of all kinds. Plaintiffs' complaint alleges that defendant breached the agreement in that he did not make his required contribution to the partnership business, that several times he withdrew from the bank partnership funds for his own personal use, that he cashed a check payable to the partnership and appropriated the proceeds, and that he never performed any services whatever for the partnership. Accordingly, plaintiffs, on January 15, 1953, notified defendant that they were "rescinding" the partnership agreement as to him and they subsequently brought this suit to recover from him the sum of $931.44, with interest, being the amount which they

asserted had been improperly converted by him to his own use. The court sustained defendant's preliminary objection to the complaint on the ground of lack of jurisdiction because of plaintiffs' cause of action sounding in equity.

It is plaintiffs' contention that their action is founded on a rescission of the partnership agreement and that there is no need for any accounting. It is clear, however, that the partnership was engaged in a continuing business for at least eighteen months, and that, during that period, it was in full-fledged operation and conducted a number of transactions. Obviously, therefore, a complete accounting is necessary before it can be ascertained whether defendant is liable to plaintiffs and, if so, in what amount.

The Act of October 13, 1840, P. L. [1841] 1, §19, provided that in settling partnership accounts an action of account render could be commenced either by bill in chancery or at common law.[1] The Practice Act of May 14, 1915, P. L. 483, §11, provided that, in certain cases, plaintiff might ask for an account in an action of assumpsit. This section was suspended by Pa. R. C. P. 1452 and replaced by Pa. R. C. P. 1021, which provided that the relief demanded in an action of assumpsit might include an accounting. It is therefore clear that a partnership accounting may be sought, sometimes in an action at law, sometimes in equity. While Pa. R. C. P. 2129 abolished equity jurisdiction in actions by a partnership against partners or by partners against the partnership unless there were a ground for equitable jurisdiction other than the fact that the action was between a partnership and one or more

---

[1] This Act was saved from repeal by the Uniform Partnership Act of March 26, 1915, P. L. 18, §46. The action of account render was abolished by the Act of May 31, 1933, P. L. 1090, §1.

partners, it did not divest equity of such jurisdiction with respect to actions by partners against their co-partners. On the contrary, Pa. R. C. P. 1550(3) suspends the requirement of the Act of 1840, supra, of certification by counsel that there is no adequate remedy at law.

Notwithstanding the fact thus established that there is concurrent jurisdiction of law and equity in actions by partners against copartners in connection with partnership affairs, repeated decisions[2] have indicated that resort in such cases should be had to proceedings in equity unless the partnership was for a single transaction, or, at least, unless the accounting required was not complicated, or unless the business had been wound up, all partnership matters settled, and a balance determined to be due. It is obvious that in all other cases the flexible methods of equity are better adapted to accomplish the proper distribution of the assets of the partnership and to determine the relative rights and obligations of the partners. In the present case there has been no liquidation of the business affairs, and although the complaint refers only to two partnership transactions an accounting will obviously be required to deal with the question of the partners' contributions to the capital, the receipts and expenditures of the partnership, the sums drawn from

---

[2] Examples: *Meason v. Kaine*, 63 Pa. 335, 338; *Leidy v. Messinger*, 71 Pa. 177, 180; *Elmer to use of Harris v. Hall*, 148 Pa. 345, 347, 23 A. 971, 972; *Murray v. Herrick, Executor*, 171 Pa. 21, 24, 32 A. 1125; *Williams v. Finlaw, Mueller & Co., Inc.*, 292 Pa. 244, 247, 248, 141 A. 47, 48, 49; *Frazier v. Mansfield*, 305 Pa. 359, 362, 363, 157 A. 798, 800; *Stephens v. Lehnert*, 310 Pa. 412, 165 A. 651; *Ebbert v. Plymouth Oil Co.*, 348 Pa. 129, 134, 34 A. 2d 493, 495, 496; *Swartz v. Biben*, 87 Pa. Superior Ct. 270, 273. See also 13 Standard Pennsylvania Practice, p. 85, §4; 21 A.L.R. 34; 58 A.L.R. 623; 168 A.L.R. 1091; 68 C.J.S., pp. 550, 551, §§107, 108.

partnership funds by plaintiffs and defendant, and such other matters as may enter into the determination of the amount, if any, due from any of the partners to the others. We are therefore in accord with the decisions of the County Court and the Superior Court that this is a proceeding which properly belongs to the field of equity and is therefore beyond the jurisdiction of the County Court.

The order of the Superior Court, affirming the order of the County Court of Allegheny County, is affirmed.