Taylor, Appellant, v. Richman.

Argued October 3, 1958; reargued January 8, 1959.
Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN
and MCBRIDE, JJ.

*Edwin O. Lewis,* with him *Wm. Barclay Lex, George F. Taylor,* and *Norris, Lex, Hart & Ross,* and *Taylor, McNaugher & Duerring,* for appellant.

*Thomas L. Anderson,* with him *Stephen I. Richman,* and *Goldfarb & Goldfarb,* for appellee.

OPINION BY MR. JUSTICE BELL, March 16, 1959:

Plaintiff brought an action of assumpsit against defendant, one of his former partners, for his contribution to an alleged partnership debt, which plaintiff paid. The Court below sustained defendant's preliminary objections and dismissed the complaint, without prejudice to plaintiff's right to file a complaint in equity for this claim.

The question involved is not whether defendant has a just defense to the facts averred in plaintiff's complaint, or whether plaintiff has a valid claim in equity, but whether the facts which plaintiff avers, assuming they are true, state a claim against defendant which is recoverable in assumpsit.

In *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491, the Court said (page 94): "Defendants by their 'preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law': Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim,* or a

---

* If the claim is presented in equity, it is vigorously contended that it will be barred by laches.

dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776."

Plaintiff averred the following material facts which defendant by his preliminary objections admits are true.

"On June 25, 1951, the Plaintiff together with BEN- JAMIN H. RICHMAN, SIDNEY J. WOLF, A. C. GREEN, RICHARD A. GREEN and CONTINENTAL TRADING COM- PANY, a Pennsylvania corporation, as joint adventurers, and OHIO VALLEY STRIP STEEL CORPORATION, a West Virginia corporation, as trustee, executed a written Joint Venture Partnership Agreement, dated June 25, 1951, and thereupon entered upon the joint venture described therein.

"George F. Taylor [plaintiff], as an individual, shall endorse a note or notes of the Continental Trad- ing Co. or of the Ohio Valley Strip Steel Corporation at the Peoples Union Bank, of McKeesport and/or at The Colonial Trust Company in an amount not exceed- ing at any one time One Hundred Fifty Thousand ($150,000.00) Dollars.

"Pursuant to the authority granted by the Joint Venture Partnership Agreement, dated June 25, 1951, and for the purpose of creating funds *for use by the joint venture,** the Ohio Valley Strip Steel Corpora- tion and Plaintiff, *in the ordinary course of the busi- ness of said joint venture,* discounted on or about July 10, 1951 at the Peoples Union Bank, McKeesport, Pennsylvania, a ninety (90) day Promissory Judgment Note dated *July 10, 1951,* in the amount of One Hun- dred Thousand Dollars ($100,000.00), made by the

---

* Italics throughout, ours.

Ohio Valley Strip Steel Corporation to the order of the Plaintiff, which note was endorsed and guaranteed by plaintiff.

"6. *The proceeds of* the discount of said promissory judgment *note, dated July 10, 1951,* were credited to the account of Ohio Valley Strip Steel Corporation at the Peoples Union Bank *in accordance with the terms of the Joint Venture* Partnership Agreement, dated June 25, 1951, *for use by said joint venture in furtherance of its business purposes.*"

Plaintiff then averred that the time for payment of the note dated July 10, 1951, was extended from time to time *with the* oral *consent of defendant;* that on August 5, 1952, the Ohio Valley Strip Steel Corporation became insolvent; and that on July 9, 1956, plaintiff discharged his duty as endorser and guarantor of the note by paying the principal balance of the obligation evidenced thereby in the sum of Eighty-six thousand Dollars ($86,000.00), and the Peoples Union Bank delivered the note to the plaintiff.

Plaintiff further averred that when he "made payment of the obligation at the Peoples Union Bank, a right of contribution thereon accrued to him against the Defendant, inasmuch as said Defendant was a joint adventurer with partnership liability together with Plaintiff in the joint venture created by said note and in which behalf the indebtedness evidenced by [said note] was created, and that under and by reason of said right of contribution, Benjamin H. Richman, the Defendant, is indebted to the Plaintiff in the principal sum of Twelve Thousand Eight Hundred Eighty-four Dollars and Forty-seven Cents ($12,884.47), plus interest at the rate of six (6) per cent per annum from July 9, 1956."

Plaintiff further averred that because all the other partners in the joint venture except defendant are in-

solvent and execution proof, that an additional right of contribution arose in favor of plaintiff against defendant in the sum of $16,847.39.

Plaintiff next averred that "As of the close of business August 10, 1951, the joint venture was dissolved and business terminated, but the winding up of the partnership affairs was not then completed. Defendant accepted and cleared a check made by the Continental Trading Company, dated October 5, 1951, payable to the order of Richman and Wolf in the amount of $4,971.26, representing the profit of all the affairs of the joint venture contained in the account stated which was due the payees; [and that] *This action is the only matter at issue* between the Plaintiff and the Defendant growing out of the joint venture partnership agreement. *All other matters* are included in the written account stated on October 5, 1951 and *have been settled.*"

Under the facts averred, the partnership and each partner was liable for the note dated July 10, 1951 which was specifically authorized by the partnership and the proceeds of which were credited to the partnership's trustee "for use by the partnership in furtherance of its business purposes."

Where a note is drawn or endorsed by an individual partner for the benefit or use of the partnership, this makes the partnership and all the partners liable for the indebtedness, and entitles a partner who pays the debt to recover against the individual partners, even though neither their names nor the partnership name appeared on the obligation: Cf. *Rhodes v. Terheyden,* 272 Pa. 397, 116 A. 364; *Dinger v. Friedman,* 279 Pa. 8, 123 A. 641.

The second question involved is close: Will assumpsit lie or must the claim be presented in equity? In *Donatelli v. Carino,* 384 Pa. 582, 122 A. 2d 36, Mr.

Chief Justice STERN, speaking for the Court, wisely said (page 585) : "Notwithstanding the fact . . . that there is concurrent jurisdiction of law and equity in actions by partners against copartners in connection with partnership affairs, repeated decisions[2] have indicated that resort in such cases should be had to proceedings in equity unless the partnership was for a single transaction, or, at least, unless the accounting required was not complicated, or unless the business had been wound up, all partnership matters settled, and a balance determined to be due. It is obvious that in all other cases the flexible methods of equity are better adapted to accomplish the proper distribution of the assets of the partnership and to determine the relative rights and obligations of the partners."

The note was *specifically authorized* by the partnership agreement; and the partnership agreement specifically authorized plaintiff to endorse the note. The complaint averred that the proceeds of the note were credited to the account of the partnership's trustee *"for use by said joint venture in furtherance of its business purposes"*; that the time for payment of the note was extended by renewal notes with the oral *consent of defendant;* that an account in writing had been stated between all the joint venturers *except this one liability;* that all of the other partnership business had been terminated; and that *the present claim is the only*

---

"[2] Examples: Meason v. Kaine, 63 Pa. 335, 338; Leidy v. Messinger, 71 Pa. 177, 180; Elmer to use of Harris v. Hall, 148 Pa. 345, 347, 23 A. 971, 972; Murray v. Herrick, Executor, 171 Pa. 21, 24, 32 A. 1125; Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244, 247, 248, 141 A. 47, 48, 49; Frazier v. Mansfield, 305 Pa. 359, 362, 363, 157 A. 798, 800; Stephens v. Lehnert, 310 Pa. 412, 165 A. 651; Ebbert v. Plymouth Oil Co., 348 Pa. 129, 134, 34 A. 2d 493, 495, 496; Swartz v. Biben, 87 Pa. Superior Ct. 270, 273. See also 13 Standard Pennsylvania Practice, p. 85, §4; 21 A.L.R. 34; 58 A.L.R. 623; 168 A.L.R. 1091; 68 C.J.S., pp. 550, 551, §§107, 108."

*matter* which was not settled by the partners—"all other matters are included in the written account stated on October 5, 1951 and have been settled".

We are of the opinion that plaintiff has stated a good cause of action; that the accounting required in connection with this single partnership transaction will not be complicated; and that the amount due by defendant may be recovered in an action of assumpsit.

The Order of the Court below is reversed, with leave granted to defendant to file an answer on the merits.