## Zuracki v. Spector

Benjamin A. Katz, for plaintiff.
Jack M. Cohen and E. Grove, for defendants.

WEINROTT, J., July 10, 1959.—Defendants' preliminary objections raise the issue before this court as to whether plaintiff's complaint should be certified to the law side. The complaint avers a partnership agreement between plaintiff and defendants, and that plaintiff allegedly performed all of his obligations thereunder. Defendants, it is charged, violated the contract. Plaintiff's prayer for relief seeks an accounting and an order for the payment to plaintiff of the amount shown due him by such accounting.

In support of their argument, defendants contend, (1) that plaintiff has an adequate remedy at law under Pa. R. C. P. 1021, which relates to actions of assumpsit and provides as follows: "Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded" and (2) that Pa. R. C. P. 2129, which relates to partnerships as parties, allegedly bars plaintiff's complaint in equity. This rule states: "An action may be prosecuted at law by a partnership against one or more of the partners thereof, or against such partners together with persons not partners; or by one or more partners, or by such partners together with other persons not partners, against the partnership. No such action may be prosecuted in equity unless there is ground for equitable jurisdiction other than the fact that the action is between a partnership and one or more partners."

This later rule we find inapplicable to the present proceeding because this action, in fact, is between partners as well as against the partnership. Pa. R. C. P. 2129 refers only to actions where the partnership is a party and is no binding authority where there is an action between partners.

It is true that under Pa. R. C. P. 1021 the prayer for relief in an action in assumpsit may demand an

accounting; however, this rule has been held to have only limited effect on the jurisdiction of a court of equity in actions between partners.

Defendants' third contention is that the complaint is defective in that it does not certify that there is no adequate remedy at law.

In the case of Donatelli v. Carino, 384 Pa. 582, it was held that an action by partners against copartners in connection with partnership affairs should be brought in equity. In an opinion by Mr. Chief Justice Stern, it was stated that a partnership accounting may be sought sometimes in an action at law, sometimes in equity; that while Pa. R. C. P. 2129 abolished equity jurisdiction in actions by a partnership against partners or by partners against partnerships, unless there was a ground for equitable jurisdiction other than the fact that the action was between a partnership and one or more partners, it did not divest equity of such jurisdiction with respect to actions by partners against their copartners. On the contrary, Pa. R. C. P. 1550 suspends the requirement of the Act of October 13, 1840, P. L. 1, 17 PS §284, as to the certification by counsel that there is no adequate remedy at law.

The court went on to cite repeated decisions indicating that resort in such cases should be had to proceedings in equity unless the partnership was for a single transaction, or, at least, unless the accounting required was not complicated, or unless the business had to be wound up, all partnership matters settled, and a balance determined to be due. It was noted that in all other cases the flexible methods of equity are better adapted to accomplish the proper distribution of the assets of the partnership and to determine the relative rights and obligations of the partners.

In the instant case there has been no liquidation of the business affairs, and there will be numerous partnership transactions involved as well as the considera-

tion of the question of the partners' contributions to capital; the receipts and expenditures of the partnership; the sums drawn from the respective partnership accounts of plaintiff and defendants, and such other matters as may enter into the determination of the amount, if any, due from any of the partners, from plaintiff to defendants.

Therefore, we conclude that the present proceeding is properly instituted in equity and the jurisdiction of this court attaches.

### Order

And now, to wit, July 10, 1959, defendants' preliminary objections to plaintiff's complaint in equity are dismissed, with leave to defendants to file an answer within 20 days from date.