## Killbourne v. Denver and Ephrata T. & T. Co.

*Appel, Ranck, Levy & Appel,* for plaintiff.

*Windolph, Burkholder & Hartman* and *Rhoads, Sinon & Reader,* for defendant.

JOHNSTONE, J., February 3, 1961.—Plaintiff claims the sum of $635.42 for loss of profits and expenses caused by a disruption in defendant's telephone service. According to the complaint, plaintiff was a telephone subscriber of defendant, and had an arrangement whereby calls to plaintiff's television repair and sales service were transferred to his home at the end of each working day and on Sundays by the throwing of a switch. On May 27, 1960, an employe of the defendant, without any request on the part of plaintiff, performed certain work on the wires of plaintiff's telephone at his place of business. As a result of the manner in which this work was performed, any person calling plaintiff's place of business after working hours, and after the transfer switch had been thrown, received a busy signal and was unable to reach plaintiff. The partial interruption of service continued until June 9, 1960, when plaintiff learned of the difficulty and called defendant to restore his telephone service. It is averred that the telephone wires were at all times in the exclusive control of defendant, and that it was defendant's manipulation of the wires which caused the disruption of service.

Preliminary objections have been filed to plaintiff's complaint on the basis that defendant is a public utility

corporation and, as such, is under the jurisdiction of the Pennsylvania Public Utility Commission, and said commission is clothed with exclusive jurisdiction to determine whether a public utility has or is furnishing reasonably continuous service and without unreasonable interruption and delays. For the purpose of the preliminary objections, we must treat as true all facts which have been averred in the complaint, and the complaint can only be dismissed if the case is clear and free from doubt: Taylor v. Richman, 395 Pa. 162. Only one fact will be considered which does not appear in the complaint, and that is that plaintiff notified defendant of the interruption of service on June 9, 1960, which is the day plaintiff learned that there was something wrong with his service, and defendant made the necessary repairs or adjustments on the same day. This fact was stipulated to by the parties at the time of argument.

Under section 401 of the Public Utility Law of May 28, 1937, P. L. 1053, as amended, 66 PS §1102, every public utility is required to furnish and maintain adequate, efficient, safe and reasonable service and facilities, and such service shall be reasonably continuous and without unreasonable interruptions or delays, and in conformity with the regulations and orders of the commission. It is contended by defendant that the complaint in this case raises the question of whether or not defendant's telephone service was reasonably continuous and without unreasonable interruptions or delay; since the Legislature has vested the Public Utility Commission with exclusive jurisdiction over the defendant's service, plaintiff must first complain to the commission and obtain an order from the commission to the effect that defendant's service was not reasonably continuous and without unreasonable interruptions before this court can proceed to determine the amount of plaintiff's damages. If this were a case

where defendant had refused to render telephone service to the plaintiff, or had neglected to render a service that was reasonably continuous and free from unreasonable interruptions and delays, there is no room for argument that the Public Utility Commission would have jurisdiction to determine whether defendant's service was adequate, efficient, and reasonable. It should be noted that plaintiff complained to defendant on the day plaintiff learned there was something wrong with his telephone service, and defendant made the necessary correction that very same day. Defendant, therefore, suggests that plaintiff should complain to the Public Utility Commission to have it direct defendant to do something which it has already done or to determine that the disruption of service was unreasonable.

Defendant discusses at length in its brief the doctrine of "primary jurisdiction," which is the law in Pennsylvania, although it has not been formally designated by that name. While we are compelled to recognize that such a doctrine does exist, in our opinion it has no application to the case before us. Plaintiff has no complaint concerning the adequacy, efficiency, safety, or reasonableness of defendant's telephone service. He merely states that one of defendant's employes while working on the telephone wires in plaintiff's place of business did something which caused an interruption in plaintiff's normal telephone service. Plaintiff does not say what defendant's employe did, but avers that the telephone wires were within the exclusive control of defendant and the net result of defendant's employe's act was that plaintiff's service became disrupted, and he suffered a loss of business thereby. This is, in effect, saying that defendant's employe negligently did something which caused plaintiff injury and that defendant is, therefore, liable in damages.

As we view this case on the facts averred in the com-

plaint, the liability of defendant is based on the negligence of one of its employes, and not that its service was inadequate, inefficient or unreasonable. If while working on plaintiff's telephone wire, defendant's employe did something which caused a failure in the switching of calls from plaintiff's place of business to his home after working hours, then the fault was not in defendant's service but in the negligent act or omission of its employe. If this be true, and we are convinced that it is true, then section 1310 66 PS §1500 of the Public Utility Law, which provides, in part, ". . . that the liability of public utilities, . . . as heretofore established by statute or by common law, shall not be held or construed to be altered or repealed by any of the provisions of this act" is controlling.

The liability of defendant under the facts averred in the complaint is the same at it was in Smith v. Bell Telephone Co. of Pa., 397 Pa. 134, where the defendant-utility was held to be responsible for the negligence of its employes in laying a conduit in such a manner as to crush a sewer pipe. Our appellate court reports are liberally spotted with decisions holding a utility responsible for the negligence of its employes in causing injury to others: DiGiannantonio v. Pittsburgh Railways Company, 402 Pa. 27. If defendant's employe in this case had manipulated the wires in such a manner as to cause a short circuit and a resulting fire, certainly the injured party could sue defendant in trespass in the court of common pleas without first complaining to the Public Utility Commission. Plaintiff does not complain about defendant's service, which is admittedly under the exclusive jurisdiction of the commission, but does complain about the negligent act of defendant's employe which resulted in his injury. The only questions to be determined in this case are whether defendant's negligence was the cause of plaintiff's loss, and what was the extent of that loss in dol-

lars and cents. In our opinion, it would not only be improper to first obtain a determination by the commission of the reasonableness of defendant's service, but the commission has no jurisdiction to consider and determine questions of negligence on the part of a public utility.

And now, February 3, 1961, the preliminary objections to plaintiff's complaint are dismissed, and defendant is granted 20 days in which to file an answer.