## Sterback v. Plank

*David F. Chambers, Jr.*, for plaintiff.

*William C. Storb, Stein, Storb & Mann, John W. Beyer* and *Arnold, Bricker, Beyer & Barnes*, for defendants.

JOHNSTONE, J., March 26, 1964.—Preliminary objections have been filed by defendants to plaintiffs' complaint, and the objections have been argued before the court en banc. In disposing of the objections we will accept as true all allegations of fact in the complaint, but not conclusions or matters of law, and no summary judgment will be entered except in a clear case and one that is free from doubt: Taylor v. Richman, 395 Pa. 162, 165.

The complaint alleges that James W. Sterback (Sterback) and Walter V. Plank, Jr. (Plank) orally agreed to engage in the repair and remodeling of dwellings and buildings and the construction of new dwellings and buildings in the name of Sterback, with Plank being carried on the books as an employe. By agreement of the parties a checking account was opened in the name of Sterback, and with Plank's knowledge and consent, Mrs. Sterback was authorized to draw checks on said account as attorney-in-fact. Profits and losses were to be shared equally, and any withdrawals by either party were to be credited against profits.

On January 2, 1963, Sterback and Plank entered into an agreement for the construction of a dwelling with James R. Burk, Sr. and Donna M. Burk. Joseph J. Lombardo (Lombardo) represented Sterback and Plank and the Burks in the preparation of the contract and the settlement hereinafter referred to. Upon completion of the dwelling, all of the parties met in the law office of Lombardo for a final settlement of the construction contract. The settlement was concluded by Lombardo issuing his personal check dated June 5, 1963, in the sum of $4,880 payable to Sterback and Plank. The check bore this legend on its face, "Construction of dwelling for James R. Burk, Sr. and Donna M. Burk." Plank endorsed the check and Sterback deposited it in the checking account hereinbefore mentioned. It was the intention of all parties that Sterback was to pay the materialmen and subcontractors and obtain a release of mechanics' liens on the Burk dwelling.

Lombardo's check, endorsed by Plank, was deposited on June 10, 1963, and on the same day Mrs. Sterback signed a check, as attorney, payable to Charles H. Shenk in the sum of $1,078.73 in payment for services on the Burk contract. Still on the same date, but after Sterback had delivered the check to Charles H. Shenk, Lombardo stopped payment on the $4,880 check. The complaint alleges that Plank wilfully, maliciously and unlawfully directed Lombardo to stop payment on the said check.

It was then alleged that when payment of the check given to Shenk was refused, Mrs. Sterback was prosecuted criminally for issuing a worthless check. Plank and Lombardo were requested to furnish sufficient funds to cover the check given to Shenk in order to stop the prosecution. Plank refused to make any advancement, and both plaintiffs suffered severe harassment, shame, inconvenience and unnecessary expense to defend the prosecution. It was necessary for the Ster-

backs to borrow funds in order to pay the Shenk check and have the charges withdrawn.

Lombardo in his preliminary objection in the nature of a demurrer alleges that he was the agent for a known and disclosed principal and, therefore, the suit should have been against his principals, the Burks, and not against him. The fallacy of this argument is that Lombardo was acting as legal counsel for all of the parties involved and not just for the Burks. Lombardo has by his check promised to pay the sum of $4,880 to Sterback and Plank, and there is no way for him to avoid payment except by setting forth a valid defense. For Lombardo to say that he is not liable because he was acting as the agent for Burks is not only not true factually, he was acting for both parties, but legally is unsound since he substituted his own promise to pay for that of the Burks. Undoubtedly he obtained funds from the Burks before he issued his personal check.

Sterback asks for judgment against Plank on the $4,880 check but states no facts which would support such a claim. Plank by his endorsement merely transferred his interest in the check to his co-payee and did not thereby make himself liable to Sterback for the face amount of the check. Sterback may have a cause of action against Plank for influencing Lombardo to stop payment on the check, but not in this action of assumpsit on the check.

Lombardo also demurs to the alleged claim of Mrs. Sterback against him. However, as we read the complaint, Mrs. Sterback makes no claim against Lombardo. Mrs. Sterback's claim is limited to one against Plank for causing her to issue a worthless check for which she was prosecuted.

The only connection Mrs. Sterback had with this entire transaction was that she drew a check on her husband's account and signed it as attorney-in-fact. If someone prosecuted her for issuing the check, her claim

would be against the prosecutor for false arrest or malicious prosecution. Certainly Mrs. Sterback had no intent to defraud anyone when she drew a check against her husband's account in which she knew that ample funds had been deposited to cover the check which she wrote. Plank had nothing to do with the check written by Mrs. Sterback, nor did he have anything to do with the resulting prosecution. Mrs. Sterback, therefore, has no valid claim against Plank.

Sterback also claims special damages from Plank for the harassment, worry and inconvenience which he suffered due to the malicious conduct of Plank towards Mrs. Sterback, special damages for legal fees in defending the prosecution against Mrs. Sterback, and special damages for injury suffered by Sterback in his business due to the false, malicious and injurious acts of Plank. All of these special damages are tort claims which cannot be recovered in an action in assumpsit on a check. The allegations in the complaint concerning the books of account and records which Sterback delivered to Plank have no bearing on the claim arising out of the check and are, therefore, improperly pleaded.

In our opinion the demurrer filed by Lombardo as to his liability on the check which he issued must be overruled. The demurrer filed by Plank as to the special damage claims of Sterback, the demurrer of Plank to the claim of Mrs. Sterback and the demurrer of Plank on Sterback's claim on the check must be sustained. Since the complaint in question contains impertinent matters and the misjoinder of an action in assumpsit with an action in tort, the preliminary objections relating to these matters must be sustained.

And now, March 26, 1964, the preliminary objections are sustained to the extent set forth in this opinion, and the plaintiffs are granted leave to file an amended complaint within 20 days.