## Malitas v. Bonaventura

*Ernest Thomas Kardas*, for plaintiff.
*Domenic D. Jerome*, for defendant.

DIGGINS, J., July 14, 1964.—Plaintiff filed a complaint in trespass against defendant in this cause seeking to recover the sum of $1,750 by virtue of defendant's alleged negligence regarding certain aspects of the cancellation of plaintiff's automobile liability insurance policy.

In his complaint, plaintiff avers, inter alia, the following: That defendant conducts an insurance business and held himself out as an expert in same; that

plaintiff relied on this expertise and consulted with defendant on March 11, 1963, concerning his automobile insurance requirements; that defendant then obtained a policy issued by the State Security Insurance Company insuring plaintiff's automobile for which plaintiff paid the premium in full; that the policy was to be in effect from March 11, 1963, to March 11, 1964; that plaintiff was informed after the loss hereinafter set forth and therefore averred that the said policy was cancelled effective May 29, 1963, by State Security Insurance Company through mailing of notice of cancellation; that plaintiff never received said notice of cancellation; that plaintiff was informed that defendant received a notice of cancellation on or about May 15, 1963, from the insurance company's agent, William Buchanan & Company, and that defendant received a return premium credit in the amount of $34.65 as the cancellation value of the policy; that defendant has never remitted the said return premium to plaintiff; that had the same been remitted, plaintiff would have been apprised of the cancellation; that after the notice of cancellation was received by defendant, the insurance company's agent, William Buchanan & Company, advised defendant that suitable coverage for plaintiff could be procured; that defendant never advised plaintiff of this offer, did not pursue same, failed to inform plaintiff of the cancellation, failed to purchase a new policy for plaintiff, and failed to determine from plaintiff whether he desired new insurance; that on September 3, 1963, plaintiff's car was stolen with resultant damage in the amount of $1,750; that plaintiff first learned of the cancellation on or about September 19, 1963, when his proof of loss, which had been submitted to the insurance company, was denied; and that plaintiff would not have sustained the loss had his policy been in effect or had a replacement policy been secured.

To plaintiff's complaint, defendant filed preliminary objections in the nature of a demurrer and, at argument and in his brief, raises two issues. First, it is contended that there was no duty owing to plaintiff from defendant under these circumstances; and, second, that plaintiff was contributorily negligent in that he knew or should have known of the cancellation and, in this regard, would be precluded, at trial, from denying receipt of the cancellation notice. For the reasons hereinafter set forth, the preliminary objections must be dismissed.

Generally, it is to be noted that preliminary objections admit as true all facts which are averred in the complaint, but not conclusions or averments of law, and that preliminary objections should be sustained only in cases which are clear and free from doubt: Taylor v. Richman, 395 Pa. 162, and cases cited therein.

With regard to defendant's first contention, we hold that the question of whether defendant owed plaintiff a duty under these circumstances cannot be decided summarily. Under somewhat analogous circumstances, a duty was held to be present. See McCormick v. Shuman, 11 D. & C. 2d 88 (trespass); McCormick v. Shuman (No. 2), 15 D. & C. 2d 660 (trespass); Talley v. Hoffman, 18 D. & C. 2d 725 (assumpsit); Walker v. Black, 216 Pa. 395 (assumpsit for the negligent performance of a contract to place fire insurance). See also, 1 P. L. Encyc. Agency, §§42, 46; Restatement of Agency 2d §§378, 379, 381.

In support of his position, defendant cites Luther v. Coal Operators Casualty Company, 379 Pa. 113. However, the facts in the Luther case are distinguishable from those in the instant case, and in addition, it is to be noted that in said case the action was in assumpsit.

Defendant's second contention, however, raises a more substantial question. In this regard, defendant

contends that plaintiff was contributorily negligent in that he knew or should have known of the cancellation. To buttress this contention, defendant points to the averment in plaintiff's complaint to the effect that the insurance company cancelled the policy effective May 29, 1963, by mailing of notice of cancellation. Defendant contends, despite plaintiff's averment that he never received the said notice of cancellation, that the averment concerning the mailing of the notice is fatal to plaintiff's cause. Defendant relies on Meierdierck v. Miller, 394 Pa. 484, where the court held as follows at page 487:

"While the general rule is that depositing a properly addressed prepaid letter in the post office raises the presumption that it reaches the destination by due course of the mail, and mailing a letter in such a way is prima facie evidence that it was received by the persons to whom it was addressed, Cameron Estate, 388 Pa. 25, 35, 130 A. 2d 173 (1957), does the denial of the receipt of the letter by the addressee (here the insurance company-garnishee) nullify the presumption and leave the question of the receipt of the notice open to the jury's determination? We think not.

"Testimony contravening the receipt of the notice by Eureka does not put into issue the question of whether the letter was received. The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees. Usually, the one who mails a letter is devoid of any ability to prove receipt of the letter by the addressee. The testimony by the addressee that he did not receive the letter, while admissible, is admitted only because of the import of that testimony on the issue of whether the letter was *mailed*."

From the foregoing authority, defendant argues that plaintiff could not testify as to the nonreceipt of the notice, plaintiff having pleaded that the notice was

mailed. However, it is to be noted that the presumption of receipt of a letter requires, as a prerequisite thereto, that the letter be properly addressed with postage prepaid. The factual questions of whether the notice of cancellation was properly addressed with postage prepaid cannot now be determined in that there is no averment concerning same in the pleadings, nor can same be assumed where plaintiff, in the instant case, averred the mailing upon information and belief, and in addition, averred that the said notice was never received by him. Under these circumstances, it appears that the question of the mailing of the said notice is factual and cannot be summarily determined.

We therefore make the following

### Order

And now, to wit, July 14, 1964, defendant's preliminary objections in the nature of a demurrer be and the same are hereby dismissed. Defendant shall file a responsive pleading within 20 days of the date hereof.