## Krasas v. Segal

*Alan B. Portnoff*, for plaintiffs.
*Melvin Alan Bank*, for defendants.

SUGERMAN, *J.*, September 17, 1974—Plaintiffs filed their complaint in equity, alleging an agreement among defendants, as partners, and themselves, whereby plaintiffs agreed to, and did, perform certain services for defendants in connection with the development of a tract of land owned by defendants. As consideration for such services, plaintiffs were to be paid a fixed percentage of the net profits realized by defendants upon a sale of the tract.

In their prayer for relief, plaintiffs seek an accounting, an audit, a money judgment for the sum thereby determined to be due, and, finally, ask that the court impress a trust upon other assets of defendants to "secure Plaintiffs' interest."

Defendants have preliminarily objected to plaintiffs' complaint on the single ground that plaintiffs have an adequate remedy at law and the action is thus not cognizable in equity.

In an action in equity, any pleading demanding relief may include a demand for an accounting: Pa.R.C.P. 1530(a). At the same time, it must be noted that a complaint in assumpsit on the law side of the court may include a request for an accounting: Pa.R.C.P. 1021. There is thus concurrent jurisdiction in law and in equity for an accounting: Donatelli v. Carino, 384 Pa. 582, 122 A. 2d 36 (1956). The narrow question in the case at bar, then, is whether equity should take jurisdiction of the cause in light of the allegations contained in the complaint.

Equitable jurisdiction in an action for an accounting is generally grounded upon the complicated character of the account, the need for discovery or the existence of a fiduciary or trust relationship: Ebbert v. Plymouth Oil Co., 348 Pa. 129, 34 A. 2d 493 (1943); 8 Standard Pa. Pract. 363 §34; Bassett v. Coren, 37 D. & C. 2d 607 (1965). Unless at least one such factor exists, the remedy at law is deemed adequate: International Union of E., R. & M. Workers v. Westinghouse Electric Corp., 7 D. & C. 2d 290 (1956).

Applying these principles to the case at bar, it is at once apparent that plaintiffs allege no fiduciary or trust relationship between defendants and themselves. Nextly, while it is clear that plaintiffs require discovery in order to determine the net profits, if any, earned by defendants against which to apply the agreed percentage, the Rules of Civil Procedure nevertheless provide a plethora of channels

leading to discovery of such information at law (Pa.R.C.P. 4001, et seq.), and resort to equity would appear to be unnecessary for such purpose.

The question remaining then is limited to a determination of whether the accounting demanded by plaintiffs is so complex as to require equitable relief.

In essence, plaintiffs allege the breach of a contract on the part of defendants and in order to obtain relief in the form of money damages, plaintiffs need only to determine the net profits, if any, made by defendants.

The suit arises as the result of a single transaction and the sum to be paid to plaintiffs is based upon a known, fixed percentage to be applied to the profits made by defendants as the result of such single transaction. Discovery under the Rules of Civil Procedure, as aforesaid, will permit plaintiffs to make such determination and armed with the information so obtained, plaintiffs may then endeavor to obtain a judgment for a sum certain. Such judgment will, of course, encumber real estate owned by defendants without the intercession of a court of equity.

While it is generally true that, in the usual case, the earliest point in time permitting a court to determine whether a plaintiff is entitled to an accounting in equity is when the issues are joined (Colley v. Colley, 4 Butler 396 (1967)), such does not appear to be the case at bar. On the contrary, it appears that plaintiffs have an adequate remedy at law in that they (1) may obtain an accounting in an action in assumpsit; (2) may obtain all necessary information relating to the profits earned by defendants by way of discovery pursuant to the

Pennsylvania Rules of Civil Procedure*; (3) may sue for a sum certain based upon the application of the known, fixed percentage of compensation against the profits determined by way of discovery; and (4) may realize upon the judgment so obtained by the simple expedient of an execution against real property owned by defendants, which property will have already been encumbered upon the commencement of suit.

### ORDER

And now, September 17, 1974, defendants' preliminary objections are sustained and the captioned matter is hereby certified to the law side of the court in accordance with Pa.R.C.P. 1509(c).

*See particularly, Pa.R.C.P. 4009(1), permitting the court, on motion of any party to order the production and copying of documents, papers, books and accounts.